DAWKINS, J.
Plaintiff, a laborer, sues his employer, a stevedore, for personal injuries alleged to have been received through the carelessness and negligence of the defendant.
Defendant excepted on the ground that the petition disclosed no cause of action, and that the plaintiff was judicially estopped to assert the acts of négligenee charged on behalf of defendant, for the reason that, in a suit in the federal court against the owners of the vessel on which he was working at the time of the accident, he had alleged that the injury was due to certain acts of commission and omission on the part of said owners, and which precluded his assertion of those now charged to defendant.
Both exceptions were sustained by the lower court, and the plaintiff has appealed.
Opinion.
Exception of No Omise of Action. — Plaintiff charges that he was employed by Legeai, who had -the contract for loading cross-ties on the steamship Carisbrook, in the port of New Orleans, and that his duties required that he stand near one of the open hatches on the vessel and give signals to the man operating the steam winch when to raise and lower the bundles of ties, and also to warn those in the hold when a bundle was about to be lowered, so that they might get in a place of safety; that there was attached to a derrick or boom, directly over plaintiff’s head, a large block or tackle, through which the ropes' ran which were used in swinging the bundles from the shore to shipboard; that the sling or fall would be placed around eight, nine, or ten ties, the winch would be started, and the bundle would swing to the offshore side of the ship, then to the hatch, and be lowered by reversing the winch; that on the date alleged—
“a shackle that was attached to a block, through which ran one of the guy lines, and which was attached to the derrick or boom, broke, and a block fell and struck petitioner on his head, fracturing his skull and permanently injuring him for the balance of his life.”
The petition further proceeds as follows:
“8. Your petitioner avers that the said injury was caused by the negligence of the said James J. Legeai, or his agent, foreman, or superintendent, for whom he is responsible in law, in the following particulars, to wit:
“(a) That the said defendant, who was the employer and master of petitioner, failed to provide him with a safe place in which to work and failed to maintain said place as a safe place.
“(b) That said defendant failed to provide him with safe implements, tools, apparatus, etc., with which to carry on said work.
“(c) That said defendant failed to furnish tackle, shackles, etc., which were of sufficient strength to do the work in the manner and method as directed by the said James J. Legeai or his agent, vice principal, superintendent, or foreman.
“(d) That he was negligent in directing that the cross-ties be loaded on said ship in the manner and method in which they were being loaded; that he could have furnished a skid to have slid the cross-ties from the wharf to the ship, and, if same had been done, there would not have been such a great strain on the tackle, or he could have adopted a safer method than he did.
“(e) That the said defendant was negligent in not taking' steps to have properly inspected the tackle, blocks, boom, shackles, and guy lines, and all the appurtenances thereto, and to see "that they were safe, properly equipped, rigged, and in good order and condition, and kept perfectly safe and in good order and condition, during the entire period that the work was being done.
“(f) That the said dgfendant was negligent in not furnishing a shackle of sufficient strength, or allowing the work to be done with a shackle that did not have sufficient' strength to stand the strain.
“ (g) That it was the defendant’s duty to have *95 seen that the block, through which the guy line ran, was properly fastened to the shackle, and the shackle properly fastened to the boom or derrick, and that same was maintained, properly fastened and rigged, during the continuance of the work.”
Defendant contends that the allegations thus quoted do not charge matters of fact, showing a failure of duty, but are merely the conclusions of the pleader on questions of law; that it was necessary that he'allege that defendant knew of the alleged faulty condition of the shackle, or that by the exercise of reasonable care the same could have been discovered.
[1] It is needless to say that the exception admits all well pleaded issues of fact. Paragraph (c) charges that the defendant failed to furnish tackle, shackles, etc., of sufficient strength to do the work in the manner directed, while (d) in effect alleges that the method used of swinging the ties on board was obviously dangerous and hazardous, and that by furnishing a skid to slide them onto the ship this danger would have been removed, and the great strain placed upon the tackle would have been avoided. Paragraph (e) alleges that the defendant failed to properly inspect the loading apparatus, for the purpose of seeing that it was safe and properly equipped. ■
[2] All of the matters and things mentioned are allegations of fact, and if the shackles, tackle, etc., were weals and of insufficient strength to stand the strain, and the defendant failed to make a proper inspection, then the effect is to say that by a proper exercise of care the fact of this condition could have been discovered. This conclusion seems obvious from the facts alleged, and we do not think it was necessary to charge the legal conclusion that, by the exercise of reasonable care, in view of these fact's, the danger could have been discovered and remedied. Then, too, as above indicated, the petition charges that the method of swinging the ties aboard was obviously dangerous, and that by the use of a skid this could have been avoided. This would depend somewhat upon the usage and custom of stevedores in loading ships of this character; but, for the purposes of the exception, we take the allegation as true, and, in law, the defendant was bound to adopt a method that was reasonably safe, in view of the nature of the work being performed.
For these reasons, we think the exception of no cause of action should have been overruled.
[3] Plea of Judicial Estoppel. — Attached to •the plea of estoppel is a copy of the petition of plaintiff filed in . admiralty in the United States court, and in it we find that he alleged the accident happened substantially as set forth in the present suit; and the allegations of negligence on the part of the shipowners we quote as follows:
“IV. Libelant avers that the ship was grossly negligent in furnishing defective tackle; that the shackle which broke was defective, and not strong enough to do the work; that the officers of the ship knew the work that the ship had to do, and knew the character of the cargo that it was about to take aboard, and knew or should have known whether or not the said shackle on the end of the boom was of sufficient strength to stand the strain that was put upon it by the immense weight of each sling load of ties that was dragged aboard the ship and loaded into the hold; that it was the duty of the ship and its officers to have furnished tackle of sufficient strength to stand the strain of loading the cross-ties in the manner in which it was done; that it was negligence on its part not to do so, and its failure to furnish tackle that was of sufficient strength to do the work which it knew had to be done was also negligence.”
The following paragraph alleged that the libelant had been damaged in the sum of $15,000.
We see nothing conflicting between these allegations and those of the petition in the present suit, except the amount of the damages, which were fixed in the latter at $25,000. *97 In the federal court the charge was that the tackle was defective and of insufficient strength to stand the strain placed upon it by the character of the work, and that the defendants therein knew it; while in this case the same allegation of weak and defective shackle is made. In the one case, the cause of_ action against the ship was based upon the negligent furnishing to the stevedore of weak and defective appliances, with knowledge of the existence of this condition; in the other, the negligence charged is that the stevedore, employer of plaintiff, used this weak and defective paraphernalia, without exercising due care to have discovered its condition, and in doing the work in an obviously negligent manner, when a safer way could have been adopted that would not have occasioned the injury. The petition in the admiralty court does not allege that the accident was caused solely and exclusively by the acts of negligence charged against the ship and its officers; hence we can see nothing therein that can now be taken advantage of by the present defendant, or which sets up- a state of facts in any wise conflicting with those alleged in the present case.'
[4] Joint tort-feasors are solidarily liable, and the party injured may sue one or both, as he chooses, and it is of no benefit to the one or the other that an action to which he was not made party has been compromised, so long as the full compensation to which'the plaintiff is entitled has not been paid. Taylor v. United Fruit Co., 126 Da. 568, 52 South. 770; Hornor v. McDonald et al., 52 La. Ann. 396, 27 South. 91; Farley v. Frost-Johnson Lumber Co., 133 La. 497, 63 South. 122, L. R. A. 1915A, 200, Ann. Cas. 1915C, 717.
For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that the exception of no cause of action and the plea of judicial estoppel be and the same are hereby overruled, and this case remanded to the court below to be proceeded with according to law and the views herein expressed. Defendant to pay the costs of this appeal; all other costs to await final judgment.
See dissenting opinion of O’NIELL, J., 84 South. 507.