160 So. 788

### STATE v. JOHNSON et al.
### No. 32871.

April 1, 1935.

J. B. Dawkins, of Monroe, for the State.

Munholland & Munholland, of Monroe, for appellees.

HIGGINS, Justice.

This is an appeal from a judgment sustaining exceptions of no right or cause of action, and dismissing the state's suit filed for the purpose of collecting "gasoline taxes" alleged to be due by defendants under the provisions of Act No. 6 of the Extra Session of the Legislature of 1928, as amended by Act No. 8 of 1930 and by Act No. 16 of 1932.

The pertinent parts of the original petition, as amended, read as follows: .

"(2) Petitioner shows that beginning on the 4th day of June, 1932 and continuing up to and including the 29th day of September, 1932, the said Benton Johnson and E. E. Johnson purchased from the Cedar Grove Refining Company of Bosier Parish, Louisiana, and imported into the Parish of Ouachita, State of Louisiana, thirty-five thousand, seven hundred and sixty eight (35768) gallons of distillate and four thousand, five hundred and sixty one (4561) gallons of kerosene,. and at their place of business in Ouachita Parish, Louisiana, did there distill, refine and/or blend same with casing head gas into forty thousand, three hundred and twenty-nine (40,329) gallons of gasoline, which was by them in turn sold as gasoline to other dealers and to the general public.

"(3) Petitioner now shows that no tax has been paid either by the Cedar Grove Refining Company or by the said Benton Johnson or E. E. Johnson to the State of Louisiana on account of the gasoline blended, refined and sold by the said Benton Johnson and E. E. Johnson, or by them held for sale and/or distribution to dealers of the general public, and that under the provisions of Act No. 6 of the Extra Session of 1928, as amended by Act No. 1 of the Extra Session of 1930, and Act No. 8 of the Regular Session of 1930, that said tax was immediately due and payable to the State of Louisiana on the blending of same, and that the said Benton Johnson and E. E. Johnson have failed and refused to make any report of the blending or any report of the sale of the aforesaid product under the provisions of the aforesaid acts, and that they are now due to the State of Louisiana a tax on the total amount so blended and sold or held for sale or distribution by them, together with the penalty and attorney's fees as provided therein and as above alleged."

Section 1 of Act No. 16 of 1932, amending and re-enacting section 1 of Act No. 6 of 1928 (Ex. Sess.) and Act No. 8 of 1930, provides, in part, as follows:

" * * * That there is hereby levied a tax of four cents (4¢) per gallon on all gasoline, or motor fuel, sold, used or consumed in the State of Louisiana for domestic consumption, to be collected as hereinafter set forth.

"The term 'motor fuel' is defined as meaning all volatile gas-generating liquids having a flash point below 110 degrees F."

Counsel for defendants contend that the statute levies a tax only against gasoline or motor fuel having a flash point below 110 degrees Fahrenheit, and that the court should take judicial notice of the fact that a mixture of distillate and kerosene, both having a flash point above 110 degrees Fahrenheit, is not gasoline or motor fuel with a flash point below 110 degrees Fahrenheit. This was the view adopted by the trial court in sustaining the exceptions.

Section 2 of Act No. 6 of 1928 (Ex. Sess.) reads as follows:

"The aforesaid tax of four cents per gallon shall be collectible from all persons, firms, corporations or associations of persons, engaged as dealers in the handling, sale or distribution of such products within the State of Louisiana, the method of collection to be as prescribed in Section 4 of this Act. The term 'dealer' as used in this Act is defined to mean any person, firm, corporation or association of persons, who produces, refines, manufactures, blends or compounds gasoline or motor fuel for sale to the jobber or consumer, or to the persons, firms, corporations, or associations of persons who, in turn, sell to the jobber or consumer. * * *"

It is axiomatic that the allegations of a petition are accepted as being true when exceptions of no right or cause of action are considered. Wolff v. Hibernia Bank & Trust Co., 161 La. 348, 108 So. 667; Town of Minden v. Stewart et al., 142 La. 467, 77 So. 118; Kird v. N. O. & N. W. R. Co., 105 La. 226, 29 So. 729; Logan v. Walker, 152 La. 880, 94 So. 430.

The state alleges in paragraph 1 of its petition a definite sum to be due it by defendants. In paragraph 2, as amended, it is stated that defendants from June 4, 1932, and up to and including September 29, 1932, imported quantities of distillate and kerosene, "and at their place of business in Ouachita Parish, Louisiana, did there distill, refine and/or blend same with casing head gas into 40,329 gallons of gasoline, which was by them in turn sold as gasoline to other dealers and to the general public." In paragraph 3, the state claims the tax is due under the statute.

Under the provisions of the statute, gasoline is taxable, regardless of its flash point. It is only with reference to the definition of motor fuel that the flash point is designated. The petition expressly sets forth that gasoline was distilled and sold to dealers and the general public. It was therefore unnecessary to allege that the gasoline had a flash point below 110 degrees.

Apparently, the district judge and counsel for the defendants are better informed than we are on the question of chemistry presented, i. e., whether or not compounding or blending distillate and kerosene with casing head gas will produce gasoline. We do not think that this information is so generally known that it is a subject matter of which the courts can take judicial cognizance.

It is our opinion that the petitions set forth a right and a cause of action. Davis v. Arkansas Southern Railway Co., 117 La. 320, 41 So. 587; Woodruff v. Producers' Oil Co., 142 La. 368, 76 So. 803; Jacobs Candy Co. v. Dennis Sheen Transfer Co., Orleans No. 8150 [See Louisiana and Southern Digest] Johnson v. Legeai, 147 La. 92, 84 So. 505.

For the reasons assigned, the judgment of the lower court is annulled, the exceptions are overruled, and the case is remanded to the trial court for further proceedings, according to law. Appellees to pay the costs of this appeal; all other costs to await the final disposition of the litigation.