215 So.2d 643

Glen E. MULLIN and Alfred A. Barnard

v.

Arley SKAINS and Department of High-
ways, State of Louisiana.

No. 49083.

Nov. 12, 1968.

Philip K. Jones, Norman L. Sisson, William T. Kivett, Baton Rouge, for defendant-applicant.

Barham, Wright, Barham & Dawkins, C. E. Barham, Ruston, for respondents.

FOURNET, Chief Justice.

Plaintiff, Glen E. Mullin, instituted this suit for damages resulting when the Chevrolet pickup truck he was driving was struck by the Dodge sedan driven by Judy Skains on Louisiana Highway No. 33 at a point on the highway adjacent to the driveway entrance to a maintenance facility of the Department of Highways where mud from the driveway had accumulated on the roadway and become slippery during the occurring rain, making the Department of Highways a party defendant along with Arley Skains, individually as father of Judy Skains and as administrator of the estate of his minor daughter, Judy, to which Mr. Skains filed a third party demand against the Department of Highways. Inasmuch as Mr. Skains was uninsured, State Farm Mutual Insurance Company, insurer of Mr. Mullin, was also joined as a defendant under the uninsured motorist provision of its public liability insurance policy issued to Mr. Mullin. Alfred A. Barnard, as a passenger in the vehicle driven by Mr. Mullin, filed a separate suit against the Department of Highways and Mr. Skains and these suits were consolidated for trial. Mr. Mullin, having made a settlement with his insurer, State Farm Mutual, dismissed his suit with prejudice as to it. Subsequently, on the date the case was fixed for trial, Mullin, joined by Barnard, by oral motion obtained dismissal of their case against Arley Skains as of nonsuit, reserving their rights against the Department of Highways.

The trial judge, finding the damages suffered by the plaintiffs were the result of joint negligence of Judy Skains and the Department of Highways and that the releasing by the plaintiffs of one tortfeasor deprived the Department of their right to enforce contribution against the party released, rendered judgment in plaintiffs' favor for only one-half of the damages they sustained.[1] The Court of Appeal for the Second Circuit found, as did the district judge, that the damages suffered was due to the joint negligence of the Department of Highways and Judy Skains, but held the trial judge was in error in limiting their right of recovery against the Department to one-half of the damages sustained, concluding that "Skains, who was dismissed as of nonsuit, may be subjected to liability for contribution," and increased

[1]. Mr. Mullin was awarded $7,006.37, representing one-half of $14,102.75 being the total amount of damages and medical expenses; Mr. Barnard was awarded $9,643.40, representing one-half of $19,287.80 being the total amount of damages and medical expenses.

the award against the defendant to the full amount of the damages suffered by the respective plaintiffs. La.App., 205 So. 2d 207. We granted a writ of certiorari on the application of the Department of Highways, limited, however, to this particular ruling. 251 La. 1054, 208 So.2d 325.

We think the Court of Appeal correctly held that the compromise agreement between Mr. Mullin and State Farm Mutual had no effect on the rights of the Department of Highways for contribution since State Farm Mutual was liable only as a result of its conventional obligation with Mr. Mullin and in nowise contributed to the injuries the plaintiff suffered. Furthermore, we think the Court of Appeal properly ruled that the case relied upon by the Department of Highways, Harvey v. Travelers Ins. Co., La.App., 163 So.2d 915, is inapposite. In that case was involved a suit by Harvey, a guest passenger in an automobile driven by Downs and insured by Lumbermens Mutual Casualty Company, which collided with a vehicle driven by an employee of Davidson Sash & Door Company and insured by Travelers, in which both drivers were alleged to be negligent and wherein Harvey entered into a compromise agreement with Lumbermens and its insured and dismissed the suit as to them, agreeing to indemnify them and hold them harmless from further damages but reserved his rights against the other tort-feasors, Davidson and Travelers. The court held that Harvey, by his own act of settlement and release of Lumbermens, deprived the remaining alleged tort-feasor of the right to enforce contribution against Lumbermens, and Harvey could, accordingly, recover only one-half of the damages which he sustained from those against whom he reserved his rights. However, in the case at bar there was no compromise agreement amongst the joint tort-feasors, nor a release by plaintiff with either of the joint tort-feasors. Plaintiffs' suits were simply dismissed against Mr. Skains by voluntary nonsuit.

While it is well recognized that joint tort-feasors are solidarily liable and plaintiff may elect to sue any one of them,[2] in order to provide a substantive right to contribution between joint tort-feasors the legislature amended Civil Code Article 2103 in 1960[3] to allow a tort-feasor to

2. R.C.C. Articles 2103, 2324; Johnson v. Legeai, 147 La. 92, 84 So. 505.
3. R.C.C. Article 2103 provides: "When two or more debtors are liable in solido, whether the obligation arises from a contract, quasi contract, an offense, or a quasi offense, it should be divided between them. As between solidary debtors, each is liable only for his virile portion of the obligation.

A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution

enforce contribution against a co-tort-feasor by the use of the third party demand even if the latter was not sued by the plaintiff; and, this court in Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594, recognized that the 1960 amendment incorporated the procedure of Articles 1111 through 1116 of the Code of Civil Procedure into 2103 and held the defendant who does not call in his co-

if he is cast admits or denies liability on the obligation sued on by the plaintiff."

4. C.C.P. Article 1113 provides: "A defendant who does not bring in as a third party defendant a person who is liable to him for all or part of the principal de-

debtor as a third-party defendant may subsequently maintain the right to enforce contribution as set forth in the related articles.[4]

For the reasons assigned the judgment of the Court of Appeal is reinstated and made the final judgment of this court.

BARHAM, J., recused.

mand does not on that account lose his right or cause of action against such person, unless the latter proves that he had means of defeating the action which were not used, because the defendant either failed to bring him in as third party defendant, or neglected to apprise him that the suit had been brought. * * *."