359 So.2d 1102 (1978)
Frank D. HOLMES et al., Plaintiffs and Appellants-Appellees,
v.
RELIANCE INSURANCE COMPANY et al., Defendants and Appellants-Appellees.
No. 6508.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1978.
Rehearing Denied July 5, 1978.
*1103 Brittain & Williams by Jack O. Brittain, John G. Williams, Natchitoches, Gold, Little, Simon, Weems & Bruser, Edward E. *1104 Rundell, Alexandria, for defendants and appellants-appellees.
Thomas & Dunahoe, G. F. Thomas, Jr., Natchitoches, for plaintiffs and appellants-appellees.
Before CULPEPPER, DOMENGEAUX and FORET, JJ.
CULPEPPER, Judge.
This is a suit for damages resulting from a two vehicle collision which occurred July 8, 1975 on U.S. Highway 71 in Grant Parish. Plaintiffs are Kenneth Byoune, driver of one of the vehicles, and Frank D. Holmes individuallyand on behalf of his minor son, Dennis Wayne Holmes. Both Mr. Holmes and his minor son were passengers in the automobile driven by Byoune. Named as defendants are: (1) Titus A. Parker, driver of the other vehicle; (2) Parker's liability insurer, Dixie Auto Insurance Company; (3) Byoune's insurer, Kenilworth Insurance Company; and (4) Reliance Insurance Company, which issued a garage liability policy covering the vehicle driven by Byoune. Before trial, Frank and Dennis Holmes settled with Reliance for an undisclosed amount, but reserved their rights against the other defendants. The trial court found the negligence of Titus A. Parker to be the sole legal cause of the accident. Judgment was rendered in favor of Frank and Dennis Holmes against defendants Parker, Dixie and Kenilworth, and in favor of Kenneth Byoune against defendants Parker, Kenilworth and Reliance. Kenilworth and Reliance appealed. Dixie did not appeal, since it deposited in the registry of the court the sums for which it was cast. Also, defendant Parker did not appeal. All three plaintiffs appealed.
The substantial issues on appeal are: (1) Does the decision in Deane v. McGee, 261 La. 686, 260 So.2d 669 (La.1972) invalidate the primary and excess insurance provisions of the uninsured motorist coverages by Kenilworth and Reliance? (2) Should uninsured motorist coverages be "stacked" under Reliance Insurance Company's policy? (3) Should there be a pro rata distribution of funds available under the Dixie policy?
There is no question of defendant Parker's liability. He drove his 1974 Ford Pickup over the center line into the opposite lane of traffic colliding with the 1975 Chevrolet driven by Kenneth Byoune. Titus Parker's vehicle was insured by Dixie Auto Insurance Company under a policy which provided liability coverage of $5,000 for each person and $10,000 for each accident.
Kenneth Byoune was driving a car owned by Humphrey Chevrolet Company, Inc. of Evanston, Illinois, by whom he was employed as a salesman. The car was a "demonstrator", which Mr. Byoune was operating with the full knowledge and consent of the owner. Humphrey Chevrolet had in effect a garage liability policy issued by Reliance Insurance Company.
Answering an interrogatory propounded by the plaintiffs, Reliance stated that Humphrey Chevrolet of Evanston, Illinois, owned 160 vehicles which were covered by the policy. Reliance further stated that $3 per "dealer plate" is charged for uninsured motorist coverage. This account was audited on June 1, 1976. At that time, there were 177 dealer plates. Of the $58,362 charged the assured under the policy, $531 was for uninsured motorist protection.
In answer to interrogatories by Kenilworth Insurance Company, Reliance stated that it had an automobile liability policy in force and effect on July 8, 1975 which covered the vehicle driven by Mr. Byoune. This was not coverage under a fleet policy. The policy did provide for uninsured motorist coverage of $15,000 per person and $30,000 per accident. Again Reliance stated that this policy covered 160 vehicles.
Kenneth Byoune had been issued a "non-owned" vehicle policy by defendant Kenilworth, which covered him while he was operating any non-owned vehicle. This policy had uninsured motorist limits of $10,000 per person and $20,000 per accident.
The trial judge awarded Frank Holmes $48,000 plus $12,904 for medical expenses for a total of $60,904. This award was against Parker, Dixie, and Kenilworth, in solido, limiting Dixie's liability to $5,000 *1105 and Kenilworth's liability to $10,000, (their per person policy limits).
As administrator of the estate of Dennis Holmes, Frank Holmes was awarded $6,000. In addition, Frank Holmes was awarded $1,231 for medical expenses incurred by Dennis. This judgment was against Parker, Dixie and Kenilworth, in solido. Treating Kenilworth as an excess insurer, Dixie was held liable to the extent of $5,000 (its per person policy limits), and Kenilworth was held liable for the remaining $2,231.
The court awarded Kenneth Byoune $11,498.41 against Parker, Kenilworth and Reliance, in solido, with Kenilworth's liability being limited to its remaining coverage of $7,769.
Kenilworth Insurance Company contends that provisions in its policy make its uninsured motorist coverage only excess to the uninsured motorist coverage provided by Reliance. And furthermore, that there should be "stacking" of the uninsured motorist coverages on the 160 vehicles insured by the Reliance policy, to satisfy the awards to these plaintiffs.
Reliance contends that both the Reliance and Kenilworth policies should be on equal footings with regard to the issue of primary versus excess uninsured motorist coverage. This is the result reached by the trial court.
We address first the question of whether Deane v. McGee, 261 La. 686, 260 So.2d 669 (La.1972) stands for the proposition that all "excess" insurance clauses are repugnant to the Louisiana uninsured motorist statutes, LSA-R.S. 22:620, 22:1406, and, therefore, must be deemed invalid when written as part of uninsured motorist coverage. We have carefully studied Deane and cases following it, and we do not find such a broad interpretation of those cases warranted. In Deane, the plaintiff's damages totaled $22,902. Two primary insurers of the host vehicle each carried uninsured motorist coverage of $5,000 per person and $10,000 per accident. A third insurer's uninsured motorist coverage was excess only with limits of $10,000 per person. Each of the three policies involved contained a clause which made any "other insurance" primary and its coverage excess. Each policy also provided for proration in the event the total coverage exceeded the damages. The Court of Appeal held the two primary insurers could prorate, with each being liable for only $2,500 of its $5,000 coverage, but held the excess insurer liable for its full $10,000 coverage. Thus, the Court of Appeal awarded plaintiff a total of $15,000 against the three insurers. Our Supreme Court agreed the excess insurer was liable for its full $10,000 coverage but held each of the two primary insurers was also liable for its full $5,000 coverage, for a total award of $20,000 against the three insurers.
The rationale of the Supreme Court decision in Deane is that the Louisiana uninsured motorist statute, LSA-R.S. 22:1406, D, requires a minimum of $5,000 coverage, which cannot be reduced by proration clauses where the damages exceed the total coverages. However, the court did not hold that proration clauses are unenforceable where the total uninsured motorist coverages exceed the damages. Nor did the court hold that "excess insurance" clauses are unenforceable where the primary uninsured motorist coverage is sufficient to pay the entire damage.
We conclude that where the primary uninsured motorist coverage is sufficient to pay the entire damage, a clause in another policy providing that its coverage is excess only to the primary insurance is enforceable.
Counsel for Kenilworth contends its non-owned vehicle policy issued to Kenneth Byoune as named insured provides only "excess" uninsured motorist coverage, and that the Dixie and Reliance policies provide primary coverage. Reliance contends that the Kenilworth policy has no such "excess" insurance provisions as far as uninsured motorist coverage is concerned, but in the event the court finds such a provision does exist, that there is a similar provision in the Reliance policy and that they should both, therefore, be treated as unenforceable. We have carefully examined both policies and find there is a specific *1106 "excess" insurance provision under "Part IVProtection Against Uninsured Motorists" in the Kenilworth policy. We find no such provision in the Uninsured Motorist rider made part of the policy issued by Reliance. Therefore, we find the coverage by Reliance to be primary and the coverage by Kenilworth to be excess as to the uninsured motorist coverages. Of course, the coverage by Dixie as liability insurer of the Parker vehicle, is primary to both uninsured motorist coverages.
The second issue on appeal is whether stacking should be permitted under the Reliance policy. We said in Wilkinson v. Firemen's Fund Insurance Company, 298 So.2d 915 (La.App. 3rd Cir. 1974):
"But the clear intent of Graham, Deane, and the other cited cases is to the effect that if a plaintiff is issued insurance on two or more automobiles, pays premiums for two or more different uninsured motorist coverages, and sustains damages thereunder in excess of the mandatory minimal coverage, he can `stack' coverages and recover his damages."
Writs were denied by the Supreme Court in that case with the comment "No error of law." The general rule stated in the above quotation applies not only to the plaintiff who is the named insured under the policy, but also to any insured as defined in the uninsured motorist part of the policy.
Defendant Reliance stated in answer to several interrogatories that 160 vehicles were covered by its policy issued to Humphrey Chevrolet, and that the assured had paid $3 per "dealer plate" for uninsured motorist coverage. Reliance contends this admission that it paid $3 per "dealer plate" is not sufficient proof of uninsured motorist coverage on any of the 160 vehicles, in the absence of further evidence that the "dealer plates" were on the vehicles. We cannot accept this. The answers to the interrogatories infer that 160 vehicles were covered by uninsured motorist protection for which $3 per vehicle was paid. We conclude plaintiffs are entitled to stack this coverage on all 160 vehicles to satisfy the damages awarded by the trial court. While we find no case providing for "stacking" of this magnitude, the possibility was favorably recognized in the concerning opinion written by Judge Guidry in Gregorie v. Hartford Accident and Indemnity Company, 348 So.2d 186 (La.App. 3rd Cir. 1977).
The third issue presented is whether all three plaintiffs should share pro rata in the funds available under the Dixie Auto policy. The trial court did not find for Kenneth Byoune as against defendant Dixie (the liability insurer of defendant Parker) since the funds available under Dixie's policy were exhausted in satisfying the awards made to plaintiffs Dennis and Frank Holmes. This was error. As we stated in Younger v. Bonin, 149 So.2d 452 (La.App. 3rd Cir. 1963), in which two plaintiffs were involved:
". . . The total amount due by the insurer should be prorated between the claimants so that each may be entitled to receive that proportion of the amount for which the insurer is liable which his claim bears to the total sum awarded to both."
The total of the damages awarded the three plaintiffs is $79,633.41. The Dixie policy limit is $5,000 per person and $10,000 per accident. This results in Frank Holmes receiving $60,904 ÷ $79,633 × $10,000, which is $7648. Since this sum is jeater than the per person policy limit, Frank Holmes is limited to recovering $5,000 from Dixie. The remaining $5,000 of Dixie's per accident coverage must be apportioned between Dennis Holmes and Kenneth Byoune. Their damages total $18,729. Dennis Holmes' portion is $7231 ÷ $18,729 × $5,000, which is $1930. Kenneth Byoune recovers $11,498.41 ÷ $18,729 × $5,000, which is $3,070.
We conclude the judgment of the trial court must be amended so as to (1) apportion the $5,000 and $10,000 coverages of Dixie amongst all three plaintiffs, (2) hold that Reliance is a primary insurer as to the uninsured motorist coverages, (3) hold that Reliance's coverages on 160 vehicles can be stacked and (4) hold that Kenilworth is only an excess uninsured motorist insurer. This *1107 results in there being adequate primary uninsured motorist coverage by Reliance to pay all damages, but since the two Holmes plaintiffs settled with reliance, they can recover nothing further from Reliance. Also, it results in no liability by Kenilworth to any of the three plaintiffs. The judgment as against Kenilworth must be reversed.
We note that the settlement between the two Holmes plaintiffs and Reliance has no effect on the judgment awarded to these plaintiffs against Titus Parker and Dixie, his liability insurer. There was but one tortfeasor in this suit, Titus Parker. Parker and his insurer are bound in solido to all three plaintiffs for the damage he caused. (LSA-R.S. 22:655). This is not true of Reliance, which merely provides uninsured motorist coverage to these plaintiffs. Reliance's liability rests solely upon its conventional contract with Humphrey's Chevrolet.
When an insurer such as Reliance makes payments under its uninsured motorist coverage, it is entitled to recover the full amount it paid from the proceeds of any settlement or judgment obtained by the insured against any person or organization legally responsible for the bodily injury for which such payment was made. LSA-R.S. 22:1406, D(4). Dixie and its insured, Titus Parker, are without a cause of action against Reliance for contribution. They have lost none of their rights by the agreement between the Holmes and Reliance. Mullin v. Skains, 252 La. 1009, 215 So.2d 643 (1968), affirming the Court of Appeal decision at 205 So.2d 207 (La.App. 2d Cir. 1968). This would not be true if Reliance had been the insurer of another tortfeasor. In such cases the insurer stands in the shoes of its insured and is amenable to the contribution to which their insured may be liable if found to be a co-tortfeasor. Cunningham v. Hardware Mutual Casualty Company, et al., 228 So.2d 700 (La.App. 1st Cir. 1969).
For the reasons assigned, the judgment appealed is set aside and recast as follows: Judgment is rendered in favor of Frank Dennis Holmes for his personal damages in the sum of $60,904 against Titus A. Parker and Dixie Auto Insurance Company, in solido, the judgment as against Dixie Auto Insurance Company being limited to its coverage of $5,000.
Judgment is rendered in favor of Frank Dennis Holmes, as administrator of the estate of his minor son, Dennis Wayne Holmes, for the sum of $6,000, and in favor of Frank Dennis Holmes individually for the additional sum of $1,231 for medical expenses incurred by his minor son, Dennis, a total judgment of $7,231, against Titus A. Parker and Dixie Auto Insurance Company, in solido, the judgment as against Dixie Auto Insurance Company being limited to the sum of $1,930.
Judgment is rendered in favor of Kenneth F. Byoune for the sum of $11,498.41 against Titus A. Parker, Dixie Auto Insurance Company and Reliance Insurance Company, in solido, the judgment as against Dixie Auto Insurance Company being limited to the sum of $3,070, and as against Reliance Insurance Company being limited to the sum of $8,428.41.
The judgments in favor of the respective plaintiffs and against the respective defendants bear legal interest from date of judicial demand until paid, except that the respective insurers are liable only for interest on the amounts of their respective liabilities.
The judgment appealed is reversed and set aside insofar as it casts Kenilworth Insurance Company. Judgment is now rendered in favor of Kenilworth Insurance Company and against all plaintiffs rejecting their demands.
The fees of the expert medical witnesses as set forth in the judgment appealed are affirmed.
All costs of the trial court, as well as the costs of this appeal, are assessed against the defendants, Titus A. Parker, Reliance Insurance Company and Dixie Auto Insurance Company, in solido.
REVERSED IN PART, AMENDED AND AFFIRMED IN PART.
DOMENGEAUX, J., concurs and assigns reasons.
*1108 DOMENGEAUX, Judge, concurring.
I concur simply to comment on the Gregorie case which I authored. There, coverage was decided under the liability portion of the policy, hence it was not necessary to reach the uninsured motorist stacking issue. I agree with the concurring opinion in Gregorie that stacking could have been allowed in that 300 vehicle situation, just as we are allowing it with reference to the 160 vehicles involved in this case.