BOUTALL, Judge.
Warren J. Roberts, alleging an injury at work, sued his employer and a number of other defendants in tort. Various defendants filed exceptions and four of the exceptions, primarily no cause of action and prescription, were maintained. Plaintiff’s suit was dismissed against those exceptors. He appeals.
Plaintiff filed suit on November 10, 1975 against Tenneco, Inc.,[1] Delta Field Erection, The Travelers Insurance Company, and Liberty Mutual Insurance Company, alleging that he was injured in the course of his employment for defendant Delta on the property of defendant Tenneco on December 6, 1974, when he was struck across his lower back and both legs by a boom of a crane owned by Tenneco and operated by Delta employees laying pipes under a contract with Tenneco. Thereafter, plaintiff filed five supplemental and amending petitions over a period of a year and a half, culminating with the fifth supplemental and amending petition filed on March 18, 1977. In these petitions he not only alleged additional facts concerning the general issue but also included as parties defendant a number of executive officers and employees *1277 of the corporate defendants. Exceptions were filed by various defendants, and the trial court maintained four exceptions rendering a separate judgment on each one. We consider each one in turn.
EXCEPTION OF NO CAUSE OF ACTION UNDER ACT 147 OF 1976 (R.S. 23:1032 and 23:1101)
The Travelers Insurance Company is alleged to be the insurer of defendant Ten-neco and its officials and employees. It filed an exception of no right or cause of action contending that Act No. 147 of 1976, amending R.S. 23:1032 and 23:1101, prohibits the filing of suit against the executive officers and other fellow employees because the injured employee’s exclusive remedy is benefits under the Workmen’s Compensation Act. It contends that although the date of the accident occurred prior to the passage of Act 147, the act is remedial in nature and must be given retroactive effect; thus it reasons that plaintiff has no right to pursue a tort action against it as liability insurer of the executive officers. The trial judge agreed, maintaining the exception.
Some time after the judgment was rendered by the trial judge, we considered precisely such a proposition in the case of Green v. Liberty Mutual Insurance Company, 352 So.2d 366 (La.App. 4th Cir. 1977, Writ refused January 30, 1978). In that case we discussed the applicable law and held that the law had no retroactive effect. We are controlled here by the same principles and we conclude that the trial judge erred in maintaining the exception. We also refer to the case of Billedeaux v. Adams, 355 So.2d 1345 (La.App. 3rd Cir. 1978) approving our holding in Green.
Accordingly, the judgment maintaining this exception is reversed and the exception is now overruled.
PEREMPTORY EXCEPTION OF PRESCRIPTION
There exists considerable confusion amongst the parties to this appeal as to which parties defendant have filed this exception of prescription. This apparently arises out of the fact that there were oral exceptions urged at the time of trial. In any event, the only exception in this record is the peremptory exception of prescription filed by The Travelers Insurance Company alleging that the cause of action occurred on December 6, 1974, while the executive officers of Tenneco and their alleged liability insurer, The Travelers Insurance Company, were not named as defendants until March 21, 1977. Travelers therefore urges the prescription of one year as provided in Civil Code Article 3536. The trial court rendered judgment “on the motion of Travelers Insurance Company, on their exception of no cause of action based upon prescription” maintaining the exception and dismissing plaintiff’s suit. We therefore consider only that exception.
The situation is this. Plaintiff filed a tort suit on November 10, 1975 based upon injury suffered December 6, 1974. In that petition he sued Tenneco, Inc., Tenneco Oil Company and Tennessee Gas Transmission Company along with The Travelers Insurance Company as their insurer. He also sued his employer, Delta Field Erection Company, Inc. and its insurer, Liberty Mutual Insurance Company. In that petition plaintiff alleged that he was working for Delta on the property of the Tenneco defendants when he was struck by the boom of a crane owned by Tenneco and operated by Delta. He alleged that the cables of the boom were defective and that the condition was known to “defendant Tenneco, as well as the executive officers, managers, and/or foremen of defendant Delta”. Plaintiff alleged “that The Travelers Insurance Company issued a policy of liability insurance to defendant Tenneco covering its officers, managers and/or employees for negligence,” but he did not make any of those officers, etc. parties defendant. Tenneco’s negligence was alleged to be knowingly permitting defective cables to be used in the operation of its equipment, inviting and offering for use equipment in defective, dangerous and weakened condition, and failing to warn persons using the equipment of its *1278 dangerous, weakened and defective condition. The petition prayed for judgment jointly, severally and in solido against the defendants, particularly the Tenneco group and The Travelers Insurance Company.
The plaintiff then amended his petition four times, all of the amendments having to do with Delta and its executive officers, etc., except that in the fourth supplemental and amended petition plaintiff amended the negligence of Tenneco to add permitting use of the equipment of inadequate design and structure for the job. It was not until the fifth supplemental and amended petition filed on March 21, 1977 that plaintiff expanded and particularized the negligence of the Tenneco personnel and named a number of executive officers and employees as parties defendant.
On this appeal a number of arguments have been presented to us concerning the posture of the various defendants, and the manner in which the rules concerning prescription may apply in each case. However, we do not propose to discuss the merits or demerits of the judgment appealed from as it applies to any of those other parties. We have set out above the only matter before us, that is, the exception of The Travelers Insurance Company as insurer of the executive officers of Tenneco. We confine our review only to that exception and the judgment rendered thereon.
We refer to the petition which we have detailed in some pertinent degree above, and we particularly refer to Article VI of the original petition which we quote:
“Plaintiff is informed and believes that The Travelers Insurance Company issued a policy of liability insurance to defendant Tenneco covering its officers, managers and/or employees for negligence and that such policy was in full force and effect on or about December 6, 1974.”
The only allegation as to Travelers’ liability in that petition is Article VI, which, when considered with the other allegations are sufficient to have brought Travelers into this suit, for the purposes of this exception. LSA-R.S. 22:655 grants to injured persons in Louisiana the right of direct action against the insurer within the terms and limits of the policy, and such action may be brought against the insurer alone. While the petition may be subject to other exceptions and contains some vague and general allegations, nevertheless the only allegations of policy coverage of The Travelers Insurance Company is the described policy covering Tenneco’s officers, etc. For the purposes of this particular exception, it is irrelevant to consider the effect of the fifth supplemental and amended petition which brought in the Tenneco officials, etc. by name and particularized the negligent acts alleged to have occurred.
Finding that the petition was filed within one year of the accident, we conclude that the trial judge erred in maintaining the plea of prescription as to The Travelers Insurance Company, and we reverse that judgment, overruling the exception of prescription.
EXCEPTIONS OF NO CAUSE OF ACTION BASED ON DISMISSAL OF JOINT TORT FEASOR
The Travelers Insurance Company and Tenneco, Inc. filed exceptions of no cause of action based upon the dismissal by plaintiff of a joint tort-feasor, Delta Field Erection, Inc., from the suit without the reservation of plaintiff’s right to proceed against the other joint tort-feasors. The same exception was filed by Liberty Mutual Insurance Company and Tenneco Oil Company. The court maintained the exceptions in two separate judgments and dismissed plaintiff’s suit.
The situation pertinent to these exceptions is as follows: The original petition was a tort suit against these exceptors and Delta Field Erection, Inc., seeking damages for personal injury. The petitioner alleged that he was injured while in the course of employment for defendant Delta, and alleged the negligence of the personnel of all of the defendants as having caused his injuries. He prayed for judgment against the defendants jointly, severally and in solido. Thereafter several pleadings were filed, but *1279 on March 26, 1976, plaintiff filed his third supplemental and amending petition, amending “by deleting sub-paragraph 1(B) in the original petition and in any and all subsequent amending petitions.” This amendment deleted Delta Field Erection as a party defendant.
The issue is now made that the defendants were all made parties in solido and were solidary co-debtors. Therefore excep-tors urge that the release of one of the solidary co-debtors without reservation is a release of all of them. They rely on the provisions of Civil Code Article 2203 which states:
“Art. 2203. The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.
“In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission.”
Exceptors contend that this article has been frequently interpreted by our courts as requiring discharge of all solidary obligors and refer to the cases of Written v. Travelers Indemnity Company, 304 So.2d 715 (La. App. 3rd Cir. 1974); Clay v. State Farm Mutual Auto Insurance Company, 330 So.2d 380 (La.App. 3rd Cir. 1976); Hemphill v. Strain, 341 So.2d 1186 (La.App. 1st Cir. 1977); Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3rd Cir. 1964); Dodge v. Central Louisiana Electric Company, 257 So.2d 802 (La.App. 3rd Cir. 1972).
We would distinguish the factual and procedural situation in this case from those cited to us. In our case the plaintiff has not entered into a compromise or settlement with the defendant Delta, but has simply dismissed it from the suit without prejudice. We consider that our situation is controlled by the rationale in the case of Mullin v. Skains, 252 La. 1009, 215 So.2d 643 (1968) quoted at 215 So.2d 645:
“***** However, in the case at bar there was no compromise agreement amongst the joint tort-feasors, nor a release by plaintiff with either of the joint tort-feasors. Plaintiffs’ suits were simply dismissed against Mr. Skains by voluntary nonsuit.
“[2,3] While it is well recognized that joint tort-feasors are solidarily liable and plaintiff may elect to sue any one of them, in order to provide a substantive right to contribution between joint tort-feasors the legislature amended Civil Code Article 2103 in 1960 to allow a tort-feasor to enforce contribution against a co-tort-feasor by the use of the third party demand even if the latter was not sued by the plaintiff; and, this court in Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594, recognized that the 1960 amendment incorporated the procedure of Articles 1111 through 1116 of the Code of Civil Procedure into 2103 and held the defendant who does not call in his co-debtor as a third-party defendant may subsequently maintain the right to enforce contribution as set forth in the related articles.”
We note that the pleadings contain the obvious reason for the dismissal, that is, the factual allegations that plaintiff was employed by Delta and was working in the scope and course of his employment. Accordingly, the plaintiff could not maintain a tort against his employer but must seek workmen’s compensation benefits only. R.S. 23:1032. Not being liable in tort as a matter of law, Delta could not be a solidary co-debtor of exceptors.
Accordingly, we hold that the voluntary dismissal of the employer from a tort suit does not come within the rule of Civil Code Article 2203 but is simply the recognition of the plaintiff’s inability to recover from the employer as a matter of law, and such a dismissal can in no way prejudice the rights of the other defendants. We conclude that the trial judge erred in maintaining the exception and dismissing the suit against exceptors, and we reverse his judgment, rendering judgment in favor of plaintiff, overruling the exceptions of no cause of action.
This matter is remanded to the trial court for such further proceedings as may be *1280 appropriate consistent with the rulings herein.
REVERSED AND REMANDED.

. Named were Tenneco, Inc., Tenneco Oil Company and Tennessee Gas Transmission Company, all alleged to be the same corporation.