**TERREBONNE LAND DEVELOPMENT CORPORATION, Plaintiff,**

v.

**The SUPERIOR OIL COMPANY, Defendant.**

**Civ. A. No. 73-3073.**

United States District Court, E. D. Louisiana.

Nov. 8, 1974.

1960, and both are still producing. Terrebonne conveyed 75% of its ⅛th royalty interest in the property to its shareholders in the proportions in which .they owned stock in the corporation on January 15, 1973, retaining 25% of its royalty interest. Terrebonne later sued Superior in Louisiana state court, seeking cancellation of the lease for failure adequately to develop the land, to recover damages from Superior for permitting drainage of oil from under its land and property, and to recover for allegedly improper charges made by Superior for its plant operations and for processing.

■ Terrebonne's stockholders owned a royalty interest under the attacked lease; successful prosecution of the lawsuit and cancellation of the mineral lease would have resulted in termination of their royalty interest under applicable principles of Louisiana law. Vincent v. Bullock, La.1939, 192 La. 1, 187 So. 35. See also Wier v. Glassell, La. 1950, 216 La. 828, 44 So.2d 882; LSA–R.S. 31:85(4).

Superior removed the suit to federal court on November 23, 1973. Subsequently, by an instrument dated May 1, 1974, Terrebonne amended the original transfer to its stockholders to make their royalty interests continue in effect regardless of the termination or cancellation of Superior's lease and applicable to any future leases.

All of the royalty holders have moved to intervene in the lawsuit, as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. Terrebonne has moved to remand the suit to state court for lack of federal jurisdiction in the event the motions to intervene are granted, on the ground that diversity is lacking because some of the stockholders have common citizenship with defendant Superior. The form of these motions does not reflect the principal issues they raise, which are:

1. Should the court dismiss this lawsuit because of the absence of non-diverse, indispensable parties?

---

Roger H. Doyle, New Orleans, La., for plaintiff.

Gene W. Lafitte, New Orleans, La., H. W. Varner, Houston, Tex., for defendant.

Roger H. Doyle, Rufus C. Harris, Jr., Guy B. Scoggin, New Orleans, La., for intervenors.

J. Broocks Greer, III, Shreveport, La., for intervenor Tennessee Gas Pipeline, Div. of Tenneco, Inc.

ALVIN B. RUBIN, District Judge:

Terrebonne Land Development Corporation leased land to Superior Oil Company for oil and gas development in 1946. Superior brought in one well in 1957 and a second in 1971. Production from the first well was unitized in

2. If the suit should not be dismissed, then may these parties intervene as a matter of right?

While these two issues are related, they must be separately resolved.

## INDISPENSABILITY

Federal diversity jurisdiction is determined by the facts as they existed at the time a suit was commenced or removed. Louisville, N. A. & C. R. Co. v. Louisville Trust Co., 1899, 174 U.S. 552, 19 S.Ct. 817, 43 L.Ed. 1081; American Fire & Casualty v. Finn, 1951, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702; see C. Wright, Law of Federal Courts, §§ 28, 38 (1972). Indispensability is not however, a matter of jurisdiction in the strict sense of the term. It is more accurately a consideration so crucial to equity that dismissal is in order if, for whatever reason, an indispensable party cannot be joined. The thesis that a suit should be dismissed because an indispensable interest is not party to it is based on the concept that the court lacks power to enter effective relief in the absence of such an interest. 3A Moore's Federal Practice ¶19.05[2]. Indispensability is tested by looking to the status of the parties at the time relief is to be entered, or at the time the issue of indispensability is raised, rather than to their status at the time the suit is filed or removed. Grant County Deposit Bank v. McCampbell, 6 Cir. 1952, 194 F.2d 469.

The issue was raised in this litigation at a time when the individual royalty holders possessed an interest that would almost invariably make them indispensable parties. The Fifth Circuit has held that individuals who hold subsisting royalties in the land at issue are indispensable to a suit to cancel a present mineral lease since both their present and future interests in the exploitation of the land are at stake. Calcote v. Texas Pacific Coal & Oil Co., 5 Cir. 1946, 157 F.2d 216, cert. den., 329 U.S. 782, 67 S.Ct. 205, 91 L.Ed. 671. The plaintiff suggests that Calcote determines the outcome of this case, and requires that the court either dismiss this action for want of indispensable parties or remand it to state court where they can be joined. Indeed the plaintiff argues that any other result would read the Federal Rules of Civil Procedure to expand federal jurisdiction, contrary to the provisions of Rule 82, F.R.Civ.P.

But the case now before the court has elements not present in Calcote. First, all of the owners of these royalty interests (or their spouses) are also stockholders in the plaintiff, which owns the land at issue, and their royalty interests are directly proportional to their stock holdings.[1]

Their interests are as follows:

| Name | No. of Shares Owned | Royalty Interest Owned |
|---|---|---|
| Otto Bitterlich | 398 | .00398 |
| Charles W. Buckley, II | 2,850 | .02850 |
| Estate of Robert W. Buckley | 351 | .00351 |
| Warren Buckley | 81 | .00081 |
| Jannette Buckley Nesson, Joann Hartley Shaw and Susaane Buckley Roth, Trustees for Emma T. Buckley | 84 | .00084 |
| Mrs. Joann B. Shaw | 584 | .00584 |
| Jannette Buckley Nesson | 584 | None |
| William W. Nesson | None | .00584 |
| Susanne Buckley Roth | 584 | .00584 |
| Howard M. Pack and Jay J. Pack, Trustees for Daniel R. Pack | 194⅔ | .00194 |
| Howard M. Pack and Jay J. Pack, Trustees for Susan J. Pack | 194⅔ | .00195 |
| Warren B. Pack | 194⅔ | .00195 |
| Charles Buell | 1,900 | .01900 |
| Nancy Buell Schreir | 1,900 | .01900 |
| Elizabeth Buell Labrot | 1,900 | .01900 |
| United California Bank Trustee for Saidee Buckley Cook | 700 | .00700 |
| | 12,500 | .12500 |

---

1. Jannette Buckley Nesson owns 584 shares of stock but no royalty interest. William W. Nesson owns no stock and owns a .00584 royalty interest. William W. Nesson was identified by counsel as the son of Jannette Buckley Nesson, and counsel stated that his interest was obtained as a gift from his mother. Obviously there is no conflict of interests between them.

Moreover, all these interests were acquired in a distribution from Terrebonne. The persons who seek to intervene include all Terrebonne's officers [2] and all the members of its Board of Directors; [3] they are the officials of Terrebonne who authorized both this suit and the initial distribution to its stockholders. After the suit was removed to federal court, the members of the board authorized an amendment to the transfer that substantially altered the stockholders' rights. That amendment significantly affected the *real alignment* of the interests in this suit since it made the stockholders' individual royalty interests co-extensive in duration with Terrebonne's rather than with Superior's interests and the transfer document expressly notes that this litigation motivated the amendment. See Exhibit E to plaintiff's letter of September 13, 1974, pp. 3–4. Finally, some of the individual royalty owners and Terrebonne are represented by the same counsel; it must be assumed that counsel at least at present sees no conflict of interest in this representation.

The absent parties held indispensable in *Calcote* had, or at least might have had, an interest in the litigation substantially adverse to the plaintiff. The royalty owners here control the plaintiff corporation, and seek to present precisely the same case that the corporation now presses. Because of this crucial difference in *the actual interests of the parties*, *Calcote* does not govern this case.

■ The test of indispensability is to be applied "in equity and good conscience." Shields v. Barrows, 1854, 58 U.S. 130, 17 How. 130, 15 L.Ed. 158. Rule 19(b) phrases the ultimate test in this fashion: "If a person [who meets certain other criteria] cannot be made a party, the court shall determine whether in equity and good conscience

the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." As Professor Moore notes, "the court is . . . entitled to consider the extent to which a party may himself take measures to avoid prejudice" under this test. 3A Moore's Federal Practice ¶19.07–2[2]. See also Advisory Committee Notes to 1966 Revision of Rule 19, 3A Moore's Federal Practice ¶19.01[5.–4]. In the normal case, these "measures" would mean intervention, or the assertion of some interest in the lawsuit. But surely the "equity and good conscience" test is broad enough to encompass the absent parties' control of the plaintiff corporation and their identity of interest with it.

■ One principal purpose of the doctrine of indispensable parties is to avoid multiple litigation—to conclude a particular dispute in one forum, at one time. Gauss v. Kirk, 1952, 91 U.S.App. D.C. 80, 198 F.2d 83; 3A Moore's Federal Practice ¶19.07[1], at 2227–28. But the court should look to the practical probability, rather than the theoretical possibility, that multiple litigation will ensue. Advisory Committee's Notes to 1966 Revision of Rule 19, 3A Moore's Federal Practice ¶19.01[5.–4]; 3A Moore's Federal Practice ¶19.07–2 [10]. Because the absent parties own all the plaintiff's outstanding stock, this lawsuit is in fact likely to dispose of the issues between the defendant and the absent parties.

Federal courts do not seek to expand their jurisdiction to increase the already burdensome level of litigation. Their pride is not piqued by motions to dismiss or remand, nor is their vanity engaged by the suggestion, here made, that all parties prefer federal jurisdiction and raise jurisdictional questions only to assure finality. For this court, hav-

2. Charles Buell (President), Elizabeth Buell Labrot (Secretary), Nancy Buell Schreir (Vice-President and Treasurer).

3. The board of directors is composed of the three officers and David Buckley, another stockholder.

ing limited jurisdiction, would be obliged to consider these matters on its own motion were they not raised by the parties. Hoe v. Wilson, 1869, 76 U.S. 501, 9 Wall. 501, 19 L.Ed. 762; Haby v. Stanolind Oil & Gas Co., 5 Cir. 1955, 225 F.2d 723.

But the federal courts must also remain open to parties who validly invoke its jurisdiction. The defendant here did so with a removal petition, and the plaintiff has shown no persuasive reason why this court ought not adjudicate this case. The absent royalty owners control the plaintiff corporation. Their control means that they will be able effectively to protect their present interest in the existing case, and to protect their present interest in the future development of the land. They suggest that their royalty ownership may not always remain tied to stock ownership, and that in the future some adversity of interest may develop. This is of course true, but the court must look to the real interests and status of the parties now before it for the purposes of this lawsuit and these motions. In equity and good conscience, this suit may proceed without the presence of the non-diverse royalty holders.

This determination is based on the apparent identity of the interests of the stockholders and the corporation in this case, the apparent harmony and the unity of interest among the stockholders as a group, and counsel's inability, after repeated inquiry, to demonstrate any concrete adversity of interest between the company and the individuals who control it. If this decision overlooks any real adversity, or should any develop later in this litigation, the shareholders may renew their motions to intervene and bring those facts to the court's attention.

## MOTION TO INTERVENE

The resolution of the issue of indispensability also disposes of the motions of the royalty holders to intervene of right under Rule 24(a)(2), Federal Rules of Civil Procedure. In order to be entitled to intervene of right, a party must show that his interests will, as a practical matter, be impaired, and that these interests are not otherwise adequately represented. Because these royalty owners control the plaintiff and seek to assert the same position as the plaintiff, their interests are already adequately represented. The motions to intervene are therefore denied.

The plaintiff's motion to remand for lack of diversity jurisdiction, which was predicated on the theory that intervention would be granted, becomes moot, and it is therefore dismissed.