BIGBY, Judge.
Writs were granted in this case on application of the plaintiff to review the correctness of the district court’s sustaining of an exception of non-joinder of a necessary party and requiring plaintiff to amend his petition to add the additional party as defendant or suffer dismissal of his suit. After review we conclude the party ordered joined as defendant was not a necessary party to the lawsuit and reverse and remand.
Plaintiff filed this suit for damages sustained in a vehicular collision with a truck driven by defendant, Charles D. Cheathan. Cheathan and his insurer filed an exception of non-joinder of a necessary party alleging there was another vehicle involved in the accident, the accident was caused solely by the negligence of the driver of that vehicle, and plaintiff should be required to join the driver of the other vehicle as party defendant. The trial court sustained the exception and ordered plaintiff to amend his petition to add the driver of the other vehicle within ten days to avoid dismissal of his suit. The court’s ruling in this instance is incorrect and plaintiff would suffer substantial prejudice if forced to comply on penalty of dismissal.
Louisiana Code Civil Procedure, Art. 642 regarding joinder of necessary parties provides:
Necessary parties to an action are those whose interests in the subject matter are separable and would not be directly affected by the judgment if they were not before the court, but whose joinder would be necessary for a complete adjudication of the controversy, [emphasis added]
In this suit for damages the sole issue in controversy is whether the named defendant-driver was guilty of negligence which was a contributing cause of the accident. Even if it were true that the accident was caused solely by the negligence of the driver of the other vehicle, this fact *1323 would constitute merely a defense to the present action which could be proven without the presence of that driver as a party to the lawsuit. If, on the other hand, the named defendant and the other driver were both negligent in causing plaintiff’s injuries, they would be joint tort-feasors and solidarily liable to plaintiff, in which case it is well settled that plaintiff may choose to sue either or both of them. Mullin v. Skains, 252 La. 1009, 215 So.2d 643 (1968).
Plaintiff may not be required to sue another party solely on the allegations of a named defendant that the unnamed party was responsible for plaintiff’s injuries. Defendants’ recourse is to either defend the present suit on the grounds of a lack of negligence on the part of the named driver or file a third party demand against the unnamed party under Code of Civil Procedure, Article 1111.
The judgment is reversed, the exception of nonjoinder is overruled, and the case is remanded for further proceedings in accordance with the views expressed herein. Assessment of costs shall await final determination of the action.