**OGALALLA LAND, LTD., a limited partnership, Bridle Bit Ranch Company, a corporation, Two Rivers Ranch Company, a corporation and Dilts Ranch Company, a corporation, Plaintiffs,**

v.

**WEXPRO COMPANY, a corporation, Defendant.**

**No. C83–0466–B.**

United States District Court, D. Wyoming.

June 27, 1984.

Morris R. Massey, Brown, Drew, Apostolos, Massey & Sullivan, Casper, Wyo., for plaintiffs.

Marilyn S. Kite, Holland & Hart, Cheyenne, Wyo., for defendant.

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

BRIMMER, District Judge.

The above-entitled matter has come before the Court upon a Motion to Remand filed by the plaintiff, Wexpro Company. Argument was heard upon the motion at the final pretrial conference at which the plaintiffs were represented by Morris R. Massey, Esq., and the defendant was represented by Marilyn S. Kite, Esq. The court has reviewed all matters on file herein, has reviewed the briefs filed in support of and in opposition to the motion, and is now fully advised in the premises.

This action has been brought to terminate an oil and gas lease held by the defendants for land in Converse County, Wyoming. The parties have learned through discovery that there are four owners of overriding royalty interests, and a problem has arisen because the joinder of one of the four owners would destroy diversity. In response to this problem, the non-diverse overriding royalty interest owner has assigned his interest to the defendant for the

purpose of this case and has agreed to be bound by the Court's decision. The issues before the Court are (1) whether an overriding royalty interest owner is an indispensable party to a suit seeking to terminate the underlying lease, and (2), if so, whether the assignment of the interest to the defendant for the purpose of this case constitutes collusive joinder under 28 U.S.C. 1359.

To determine whether the overriding royalty interest owner is an indispensable party, the Court must follow the analysis in F.R.C.P. No. 19. *See Wright v. First National Bank*, 483 F.2d 73 (10th Cir.1973). The Court finds that the disposition of this action may "impair or impede" the royalty interest owner's ability to protect his interest. This first step is obvious because the termination of the lease will, by definition, terminate the overriding royalty interest. Williams and Meyers, *Oil and Gas Law*, 418.2. The crucial issue, however, is whether "in equity or good conscience" the Court should proceed among the parties before it, or should dismiss or remand the case.

The leading commentators on oil and gas law argue that actions should never be dismissed for the failure to join an overriding royalty interest owner who would destroy diversity. Williams and Meyers, *Oil and Gas Law* § 877. They contend that overriding royalty interests are inherently precarious, and furthermore, that the overriding royalty interest owner and the lessee have such parallel interests that the royalty interest owner probably would not be able to add much to the lessee's defenses. The Court, however, does not need to decide on the indispensability of overriding royalty interest owners for all cases. This case is distinguished by the overriding royalty owner's belief, as evinced by his assignment, that his interests are identical to the lessee's. This factor is important because a major threat to an overriding royalty owner is the possibility that the lessor and the lessee might collude to terminate the lease and extinguish the overriding royalty interest.

In *Terrebonne Land Development Corp. v. Superior Oil Co.*, 65 F.R.D. 375 (E.D.La.1974), a corporation and its stockholders both held overriding royalty interests and the Court ruled that the individual stockholders were not indispensable parties in an action to terminate the lease. The Court reasoned that the corporation and its stockholders shared an interest in prolonging the lease, and no purpose would be served by compelling the stockholders to be parties. That same analysis is appropriate for the case at bar, namely, that Wexpro and the non-diverse overriding royalty owner share an interest in defending the lease and since there is an assignment, it would do no good to compel joinder. It is consistent with the practical, rather than theoretical, emphasis that has been suggested by the rule. Advisory Committee's Notes to 1966 Revision of Rule 19. *See Provident Tradesmen Bank and Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). This analysis does not mean that the problem of indispensable parties can always be avoided by the assignment of that party's interest to another. Instead, it is the recognition of the nature of an overriding royalty interest and the implementation of the practical principles that Rule 19 was designed to foster.

In summary, the Court rules that the overriding royalty interest owners are necessary but not indispensable parties under Rule 19. Therefore, it is

ORDERED that the plaintiffs' Motion to Remand be, and hereby is, denied.