504 So.2d 171 (1987)
Kermit LANDRY, Plaintiff-Appellee,
v.
STATE FARM FIRE & CASUALTY CO., et al., Defendants-Appellants.
No. 86-280.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1987.
Rehearing Denied March 27, 1987.
*172 Kenneth M. Henke, Mouton, Roy, Lafayette, for defendants-appellants.
Paul J. Hebert, Abbeville, for plaintiffappellee.
Alex A. Lopresto, III, of Roy, Forrest & Lopresto, New Iberia, Voorhies and Labbe, Robert L. Ellender, Lafayette, for defendant-appellee.
Before GUIDRY, STOKER and LABORDE, JJ.
GUIDRY, Judge.
Defendant-appellant, Sears, Roebuck & Co. (hereafter Sears), appeals a judgment of the trial court in favor of plaintiff, Kermit P. Landry, and against Sears for $281,814.19 in damages for injuries sustained by Mr. Landry as a result of an accident involving a defective Sears' product. Plaintiff answered the appeal seeking an increase in the damage award. We affirm.
Kermit Landry, a then 38 year old man, was injured on February 5, 1983, as he was helping his father, Preston Landry, install an attic stairway which the elder Landry had purchased from Sears through a mail order catalog. Plaintiff's father had prepared the necessary hole in the hall ceiling and had assembled the stairway, according to the instructions provided by Sears, the evening before the accident. On the morning of the accident, the elder Landry was holding the stairway in place in the previously prepared hole in the ceiling while Kermit was securing the apparatus in place with a hammer and nails. Plaintiff had already secured one side of the stairway when suddenly, without warning and for no apparent reason, one of the nine inch springs used to help raise the stairway and to hold it closed, tore loose causing the spring to strike Kermit in the face. The force of the blow shattered Kermit's glasses and sent slivers of glass into both eyes. It was established at trial that the spring was under between 122 and 147 pounds of pressure and that the maximum allowable design stress for southern white pine, the material of which the stairway was constructed, was 95 pounds per square inch.
As a result of the accident, appellee had to undergo a number of operations to both eyes. He is currently blind in his right eye and the left eye's vision is now 20/200 as compared to 20/40 before the accident. Although the vision of the left eye is correctable to 20/25, the plaintiff has, as a result of the accident, experienced other problems with the eye including glaucoma, sensitivity to light, flashes and "floaters" in his vision. The plaintiff also suffered retinal detachment in both eyes and the reoccurrence of this problem remains high, necessitating frequent monitoring by Kermit's ophthalmologist.
At trial, it was stipulated that appellee's past medical expenses totalled $36,106.87. It was established that the condition of his right eye could very well deteriorate to such a point as to require surgical removal. Furthermore, Dr. Roland Sylvester, plaintiff's ophthalmologist, is of the opinion that it is more likely than not that Kermit will require medication for the rest of his life.
On appeal, defendant-appellant, Sears, makes the following specifications of error:
1. The district court erred in finding Sears, Roebuck & Co. liable as the manufacturer *173 and seller of a defectively designed product.
2. The district court erred in failing to order joinder of Century/Wel-Bilt Industries, Inc./Wel-Bilt Products Co. as indispensable parties to the lawsuit.
3. The district court abused its discretion by awarding plaintiff $281,814.19 in damages, as the amount is excessive.
In its first assignment of error, appellant argues that, in finding Sears liable as a manufacturer/seller of a defectively designed product, the trial judge, although not referring to the case by name, must have relied on Chappius v. Sears Roebuck & Co., 358 So.2d 926 (La.1978) and that such reliance was erroneous.[1] Appellant argues that Chappuis and the present case are clearly distinguishable. We do not agree.
In Chappuis, the plaintiff was injured when the head of a Sears "Craftsman" hammer chipped as he was driving a nail and the metal fragment which chipped off lodged in Chappuis' eye. The hammer, which was sold by Sears under its own trade name, had actually been manufactured by Vaughan and Bushnell Manufacturing Co. The Louisiana Supreme Court found Sears liable for plaintiff's damages stating:
"... "The seller, who knows the vice of the thing he sells and omits to declare it, ... is answerable to the buyer in damages." C.C. 2545. The standard of care is fixed in Title VII, Of Sale; the liability to Chappuis is fixed by C.C. 2315, if he shows the failure to act "causes damage" to him.
The responsibility of Sears is the same as that of the manufacturer. First, it held the product out to the public as its own. Penn v. Inferno Manufacturing Corp., 199 So.2d 210 (La.App. 1st Cir. 1967). Second, the size, volume and merchandising practices of Sears, unlike those of Reliable Motors in Spillers v. Montgomery Ward et al., 282 So.2d 546 (La.App.2d Cir.1973), bring Sears within the class of "professional venders," who are presumed to know of the defects in their wares. See Morrow, Warranty of Quality, 14 Tul.L.Rev. 529, 539 (1940). Reliable Motors, Inc. was a relatively small truck retailer. The relationship between a retailer like Sears and its manufacturers on the other hand, with its capabilities for controlling the quality of its merchandise, justifies the imputation to Sears of knowledge of its defects."
Chappuis, supra, at 930.
In the case sub judice, the defective stairway was actually fabricated by Wel-Bilt Products Co. However, the catalog from which it was purchased was a Sears catalog; the product was listed as a Sears product with a Sears model number; the instruction sheet was titled Sears Roebuck & Co. Model 7390; and, the included parts list referenced Sears parts numbers. Furthermore, the catalog contained the following guarantee:
*174
 "Satisfaction Guaranteed
 Or Your Money Back
 .............................................................................
 Whatever you buy at Sears, you have the right to use it for a reasonable time
 before you determine it is satisfactory and decide to keep it If you decide it is
 not satisfactory, return it to us at our expense. We will do whatever is necessary
 to correct the cause of your dissatisfaction. If we can't satisfactorily provide
 a remedy, or if you request a refund, we will refund your full purchase
 price including any appropriate delivery and finance charges.
 Sears Pledge of Fairness. If, after you have decided to keep your purchase,
 it doesn't give you the service or performance you reasonably expect of it and
 there isn't a specific guarantee on the item that will satisfactorily correct the
 problem, please let us know.
 We want to make an adjustment that you will consider fair."
Accordingly, we find the Chappuis case, supra, applicable and this assignment without merit.
By its second assignment, appellant argues that the district court erred in denying its motion which sought to compel the joinder of Century/Wel-Bilt Industries, the alleged successor company to Wel-Bilt Products Co., the manufacturer of the defective attic stairway, as an indispensable party.
At the time of the accident, the following pertinent articles of the Louisiana Civil Code were in effect:
"Art. 2324. Liability for assisting or encouraging wrongful act
He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act.
Persons whose concurring fault has caused injury, death or loss to another are also answerable, in solido; provided, however, when the amount of recovery has been reduced in accordance with the preceding article, a judgment debtor shall not be liable for more than the degree of his fault to a judgment creditor to whom a greater degree of negligence has been attributed, reserving to all parties their respective rights of indemnity and contribution.
Art. 2091. Obligations in solido on the part of debtors. There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor.
Art. 2094. Debtors in solido without benefit of division. The creditor of an obligation contracted in solido may apply to any one of the debtors he pleases, without the debtors' having a right to plead the benefit of division.
Art. 2095. Creditor's rights against other debtors after suit against one. A suit brought against one of the debtors does not bar the creditor from bringing suits on the same account against the others."[2]
Based upon the preceding articles and upon Louisiana jurisprudence, it is well settled that joint tort-feasors are solidary obligors and a plaintiff may elect to sue any one, or more, of them. Mullin v. Skains, 252 La. 1009, 215 So.2d 643 (1968); Thompson *175 v. Cheathan, 376 So.2d 1321 (La.App. 2d Cir.1979).
Appellant's categorizing Century as an indispensable party is erroneous. An indispensable party is one whose interest in the subject matter of the litigation is so interrelated that a complete adjudication of the controversy cannot be made unless they are joined in the action. La.C.C.P. art. 641. We, like the trial court, have determined that Sears as manufacturer/seller of a defective product is liable to plaintiff. Although Century/Wel-Bilt Industries, Inc., as successor of Wel-Bilt Products Co., may also be liable to plaintiff as the actual manufacturer of the defective attic stairway in solido with Sears, plaintiff chose not to join Century. Plaintiff had the unquestioned right to seek judgment only against Sears and a complete adjudication of the controversy vis-a-vis plaintiff and Sears can be made without the joinder of Century. La.C.C. arts. 2091 and 2094, the substance of which is now found in La.C.C. arts. 1794 and 1795. Further, our code of civil procedure clearly provides that a solidary obligor may be sued to enforce a solidary obligation, without the necessity of joining all others in the action. La.C.C.P. art. 643 and the official revision comments to that article; Inabinet v. State Farm Automobile Insurance Co., 262 So.2d 920 (La.App. 1st Cir.1972).
In the present case, Sears joined Century via a third party demand on September 10, 1985, over 18 months after Sears had answered plaintiff's suit. The trial judge, in an attempt to be fair and in order not to prejudice any of Sears' rights, ruled that he would allow the third party demand to be filed but would sever the third party demand and continue the trial on the main demand. We find no abuse of the wide latitude accorded the trial judge in the conduct of his court in this ruling and no merit to appellant's second specification of error.
Appellant's third assignment of error and appellee's answer to this appeal both address the quantum of damages awarded. Appellant argues that the general damage award of $225,000.00 is excessive, while appellee/cross-appellant argues the award is erroneously low. The record reflects that as a result of his injuries, Kermit completely lost the vision of his right eye; could possibly lose the eye itself; sustained a diminution in vision in his left eye from 20/40 to 20/200; and, retinal detachment in both eyes. Because of the loss of vision in the right eye, he has also suffered a loss of depth perception.
In weighing the arguments of each side on the quantum award, we are guided by the statement of the law by this court in Batiste v. Iberia Parish School Bd., 401 So.2d 1224 (La.App. 3rd Cir.1981), writ denied, 405 So.2d 531 (La.1981), where the court stated at 1231:
"In Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), our Supreme Court stated the rules on appellate review of quantum awards as follows:
`We do reemphasize, however, that before a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award. Anderson v. Welding Testing Laboratory, Inc., supra [304 So.2d 351 (La.1974)]; Bitoun v. Landry, supra [302 So.2d 278 (La.1974)]; Fox v. State Farm Mutual Automobile Ins. Co., supra [288 So.2d 42 (La.1973)]: Walker v. Champion, supra [288 So.2d 44 (La. 1973)]. Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. Bitoun v. Landry, supra; Spillers v. Montgomery Ward & Company, Inc., supra [294 So.2d 803 (La.1974)]'"
See also Chatelain v. United States Fid. & Guar. Co., 495 So.2d 379 (La.App. 3rd Cir. 1986).
We find the award in the present case neither excessive nor erroneously low. The appellant's third assignment lacks merit as does plaintiff's prayer for an increase in the damages awarded.
*176 Accordingly, for the reasons stated, the judgment appealed from is affirmed. Appellant is to bear all costs of this appeal.
AFFIRMED.
NOTES
[1] Sears does not argue that the product was not defective.
[2] The substance of C.C. arts. 2091, 2094 and 2095 are contained in current articles 1794 and 1795.