**DENKMANN ASSOCIATES,**
**Denmiss Corporation**

v.

**INTERNATIONAL PAPER COMPANY.**

**Civ. A. No. 86–555–B.**

United States District Court,
M.D. Louisiana.

July 5, 1990.

Thomas F. Phillips, John R. Tharp, Baton Rouge, La., for plaintiff.

Gene W. Lafitte, John M. Wilson, Deborah Bahn Price, New Orleans, La., Michael Rubin, Paul West, Don Badgley, Trial Atty., Rubin, Curry, Colving & Joseph, Baton Rouge, La., for defendant.

RULING ON MOTION TO DISMISS FOR
 FAILURE TO JOIN AN INDISPENS-
 ABLE PARTY AND FOR LACK OF
 SUBJECT MATTER JURISDICTION

POLOZOLA, District Judge.

The issue before the Court is whether IP Timberlands Operating Company, Ltd. (IPTO) is a party "needed for just adjudication" under Rule 19 of the Federal Rules of Civil Procedure and if so, whether the action should be dismissed because the Court lacks diversity jurisdiction under *Carden v. Arkoma Associates,* —— U.S. ——, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). The Court finds that IPTO is a party "needed for just adjudication" of the issues involved in this case. Therefore, the motion of International Paper Company (International Paper) to dismiss for failure to join IPTO as a defendant and for lack of subject matter jurisdiction IS GRANTED.

## I. BACKGROUND

In order to resolve the issues now before the Court, it is necessary to understand the background information which led to the filing of two lawsuits in the United States District Court for the Middle District of Louisiana by IPTO and the Denkmann group.

On August 15, 1986, IPTO filed suit against Denkmann Associates seeking a declaratory judgment confirming the validity of two agreements (the "1945 Agreements") involving rights in various timberlands and mineral interests in Louisiana and Mississippi.[1]  On the same day, Denmiss Corporation and Denkmann Associates (Denkmann) filed suit against International Paper seeking rescission of the 1945 Agreements as well as damages.[2]  Thereafter, the Court ordered numerous individual mineral owners to join with Denmiss Corporation and Denkmann Associates as plaintiffs in this action. The cases were consolidated by the Court and the parties have been engaged in exhaustive discovery proceedings which required numerous depositions and the review of millions of documents. The 1945 Agreements which are the subject of this suit were executed on October 25, 1945 by Southern Kraft Timberland Corporation (a wholly owned subsidiary of International Paper) and Denkmann Lumber Company (the predecessor in interest to Denkmann).  Under the 1945 Agreements, the timber interests of properties owned by Denkmann Lumber Company which were located in Louisiana and Mississippi were transferred to Southern Kraft for a period of 99 years.  In 1948, Southern Kraft assigned all of its interest in the 1945 Agreements to International Paper.  On March 14, 1985, International Paper transferred all of its interest to IP Timberlands, Ltd. (IP Timberlands).  Thereafter, IP Timberlands transferred its interest to IPTO. Since the execution of the 1945 Agreements, Denkmann Lumber Company has also assigned its interests in the properties and the 1945 Agreements to Denmiss Cor-

---

1. IP Timberlands Operating Co., Ltd. v. Denmiss Corporation, et al, CA 86–554–B.

2. Denkmann Associates, Denmiss Corporation v. International Paper Company, CA 86–555–B.

poration, Denkmann Associates and numerous individual mineral owners.[3]

The Court's subject matter jurisdiction in these consolidated actions is based on diversity of citizenship, 28 U.S.C. 1332. IPTO is a Texas limited partnership with two general partners, International Paper (a New York citizen) and IP Forest Resources Company (a citizen of Delaware). IPTO also has one limited partner, IP Timberlands, which in turn has numerous limited partners including citizens of all fifty states, Puerto Rico, and the District of Columbia. Denkmann claims citizenship in Arizona, California, Colorado, Florida, Illinois, Iowa, Louisiana, Massachusetts, Minnesota, Mississippi, New Jersey, Pennsylvania, Texas, and Washington. After this suit was filed, the United States Supreme Court rendered its decision in *Carden v. Arkoma, supra.* In *Carden,* the Supreme Court held that the citizenship of *limited* partners must be considered when determining whether complete diversity exists between the parties under 28 U.S.C. § 1332.

The parties agree that diversity of citizenship is lacking between IPTO and Denkmann. Consequently, IPTO has dismissed its declaratory judgment action against Denkmann[4] and has filed two new suits for declaratory judgments in the state courts of Louisiana and Mississippi.

In the remaining action,[5] International Paper has filed a motion to dismiss for failure to join IPTO as a defendant in this suit and for lack of diversity jurisdiction.[6] International Paper contends that IPTO is an indispensable party to this litigation, and since there is no diversity of jurisdiction between Denkmann and IPTO, the action should be dismissed.

### A. International Papers' Contentions

International Paper argues that the application of the four factor test set forth in Rule 19(b) of the Federal Rules of Civil Procedure requires the Court to find that IPTO is an indispensable party. International Paper makes the following arguments in support of its motion: IPTO holds virtually 100 percent of the timber rights under the leases and is the party in possession of the subject premises. Virtually all rights and claims sought by Denkmann spring from the terms of the 1945 Agreements. Since IPTO is not a party to this action, a judgment that rescinds the 1945 Agreements or an injunction would not be binding on IPTO. However, since International Paper is a predecessor in interest to IPTO, a termination of International Paper's rights under the 1945 Agreements would effectively terminate IPTO's rights. Even though Denkmann would have to resort to actions against IPTO in the state courts of Louisiana and Mississippi for any such rescission or injunction to be recognized against IPTO, IPTO's absence from the litigation is highly prejudicial to IPTO. Denkmann has access to the state courts in Louisiana and Mississippi to pursue its claims and an adequate remedy can be obtained as to all interested parties in the state forums. Furthermore, International Paper asserts that IPTO is indispensable because its rights under the leases are partnership property. Therefore, International Paper argues that IPTO must be added as a party to the litigation.

### B. Denkmann's Contentions

In opposition to International Paper's motion, Denkmann makes the following arguments in support of its contention that IPTO is not a party which should be joined under Rule 19(a): Complete relief can be afforded to the respondents in IPTO's absence. As a practical matter, IPTO is represented by the same law firm as International Paper. Thus, all of IPTO's concerns are represented in this litigation. Furthermore, even if IPTO is a person to be joined if feasible, Rule 19(b) does not require IPTO's joinder or dismissal. International Paper has waited three and a half years to

---

3. These parties will be collectively referred to as "Denkmann" in this opinion.

4. See footnote 1.

5. See footnote 2.

6. These motions were filed under Rules 12(b)(7) and 12(b)(1) of the Federal Rules of Civil Procedure.

seek joinder. International Paper and Denkmann will not be prejudiced by the absence of IPTO. Because this case has been set for trial, "equity and good conscience" weigh against joinder. Finally, the Court could exercise its ancillary jurisdiction without destroying diversity if the joinder of IPTO is required.

## II. IS IPTO AN INDISPENSABLE PARTY?

The issue before the Court is whether IPTO is an indispensable party to this litigation. If IPTO is an indispensable party under Rule 19 of the Federal Rules of Civil Procedure, then the case must be dismissed for lack of subject matter jurisdiction under *Carden* since there is no diversity of citizenship between Denkmann and IPTO.

### A. The Requirements of Rule 19

Rule 19 involves a two step analysis to determine whether a party is indispensable. First, the Court will apply Rule 19(a) to ascertain whether IPTO is a "person[ ] to be joined if feasible".[7] Under Rule 19(a), joinder is appropriate if complete relief cannot be granted to those already parties without joinder. In addition, if the party's absence might result in the impairment of its claimed interest in the subject matter of the action or in the exposure of any present party to a substantial risk of multiple litigation, joinder is proper. Rule 19(a) also requires that the person's joinder cannot deprive the court of jurisdiction and that the person sought to be joined is subject to service of process.

If such a person's joinder would deprive the court of jurisdiction or the person cannot be properly served and the absent person would otherwise be a "person[ ] to be joined if feasible" under Rule 19(a), step two of the analysis requires the court to apply Rule 19(b) and decide "in equity and good conscience" whether to proceed without the absent person or to dismiss the case. Rule 19(b) list four factors the court must consider and weigh in making this determination:

(1) The prejudicial effect, on both the present and absent persons, of a judgment in the absence of the person who could not be joined;

(2) The extent to which any such prejudice could be lessened or avoided by measures such as protective provisions in the judgment and the shaping of the relief granted;

(3) The adequacy of any judgment rendered in the person's absence; and,

(4) The adequacy of any remedy the plaintiff might have if the action is dismissed on the basis of nonjoinder.

### B. Is IPTO a Party to be Joined if Feasible?

Rule 19(a) sets forth several factors which must be considered in determining whether a person should be joined if feasible:

... if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede that person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest.

Denkmann argues that each of these considerations indicate that IPTO is not a "person[ ] to be joined if feasible".

First, Denkmann contends that complete relief can be accorded among those who are already parties. Denkmann relies on a guaranty entered into between International Paper and Denkmann Lumber Company in connection with the 1945 Agreements. The guaranty provides in part:

DENKMANN [Denkmann Lumber Company] is willing to enter into said contracts [the 1945 Agreements] with Southern Kraft Timberland Corporation,

---

**7.** *Schutten v. Shell Oil Co.*, 421 F.2d 869 (5th Cir.1970); *Morrison v. New Orleans Public Ser-* *vice, Inc.*, 415 F.2d 419 (5th Cir.1969).

provided and only provided that the obligations of Southern Kraft Timberland Corporation under those contracts are guaranteed in solido by INTERNATIONAL PAPER COMPANY, and DENKMANN and INTERNATIONAL have agreed and do hereby agree such a guaranty is hereby given.

\* \* \* \* \* \*

In consideration of the execution of said agreements by DENKMANN and of the benefits accruing to INTERNATIONAL therefrom, INTERNATIONAL does hereby guarantee to DENKMANN the complete and timely performance by Southern Kraft Timberland Corporation of all the obligations assumed by Southern Kraft Timberland Corporation under each and all of said contracts, and does hereby bind itself in solido with Southern Kraft Timberland Corporation to Denkmann, its successors and assigns for such complete and timely performance of each and all of said obligations.

Furthermore, the 1945 Agreements provide:

In case of assignment by Vendee [Southern Kraft Lumber Company] of any of its rights hereunder, Vendee shall remain responsible to Vendor [Denkmann Lumber Company] for all of the obligations hereby assumed by Vendee, and no such assignment shall impair or lessen Vendor's rights hereunder.

All of the terms, conditions, and obligations hereunder shall extend to the successors and assigns of the parties hereto.[8]

Denkmann argues that this guaranty and the obligations mandated by the 1945 agreements require the Court to hold International Paper liable in solido for any damages caused by IPTO's breach of the agreement. Moreover, Denkmann contends that International Paper is solidarily liable by operation of law under article 1821 of the Louisiana Civil Code which provides that an obligor who assigns his obligation to another party remains solidarily bound with the assignee for performance of the obligation to the obligee. Under article 1795 of the Louisiana Civil Code and article 643 of the Louisiana Code of Civil Procedure, a party can sue one solidary obligor and the other solidary obligors are not necessary parties. Each solidary obligor is liable for the total amount of damages. Thus, Denkmann argues that complete relief can be accorded without IPTO being joined.

The Court finds that substantial doubt exist as to whether complete relief can be accorded solely between Denkmann and International Paper. If Denkmann proves that International Paper is liable under the guaranty of the 1945 Agreements and/or under operation of law for any damages caused by IPTO, Denkmann would be entitled to a rescission of the 1945 Agreements. Presumably, the complete relief sought by Denkmann also includes being restored to possession of the timberland. However, IPTO is currently in possession of this timberland. Since IPTO is not a party to this litigation, any judgment would not be binding on it. Denkmann would have to resort to the state courts of Louisiana and Mississippi for recognition of any such termination of the 1945 Agreements against IPTO and to evict IPTO from possession of the timberland. It is possible and indeed probable that IPTO may have certain defenses to that action which might require the state court to relitigate all or part of this action.

The Court also questions Denkmann's assertion that it can recover all of its alleged damages from International Paper alone. The Court agrees with Denkmann that International Paper is solidarily liable pursuant to its guaranty of the 1945 Agreements for any of IPTO's breaches of the obligations under the 1945 Agreements. Furthermore, the Court agrees that Denkmann may proceed against one solidary obligor without joining any other solidary obligors to obtain full performance of a solidary

8. The Louisiana agreement, p. 9, paragraphs 16–17 and the Mississippi agreement, p. 11, paragraphs 18–19. The Mississippi agreement uses "Kraft" in place of "Vendee" and "Denkmann" in place of "Vendor".

obligation.[9] However, all of the claims asserted by Denkmann do not involve solidary obligations of International Paper and IPTO. One claim filed by Denkmann seeks damages for IPTO's alleged trespasses against mineral rights which were specifically reserved in the 1945 Agreements. Recovery for trespass to mineral rights is provided for under the substantive laws of both Louisiana and Mississippi, but the guaranty only creates solidary obligations for breaches of obligations under the 1945 Agreements.[10] One issue which must be resolved is whether any IPTO trespass of mineral rights, although prohibited by state law, is also a breach of any of the obligations under the 1945 Agreements. If so, the Court must then decide what remedy, if any, is provided under the 1945 Agreements. The 1945 Agreements only refer to the reservation of such rights by Denkmann Lumber Company[11] and are silent concerning damages, remedies, or penalties regarding any trespass of the mineral rights. The obligation not to trespass or the remedy for any trespass may only be derived from state law and not from the 1945 agreements. Thus, the guaranty and the 1945 Agreements by which solidarity is dependant is inapplicable. If the factfinder determines at trial that the 1945 Agreements did not contemplate "an obligation not to trespass" against the mineral rights or provide for any contractual remedy, even if any such contractual obligation exists, International Paper will not be solidarily liable for any IPTO trespasses of mineral rights.[12] Given the uncertainty of the factual and legal conclusions regarding International Paper's solidary liability for any IPTO trespasses of mineral rights, "complete relief" regarding Denkmann's claims without the presence of IPTO cannot be afforded.

Denkmann also contends in its complaint that the 1945 Agreements were nonjudicially terminated in 1986. Assuming such a nonjudicial termination in 1986, Denkmann claims damages for IPTO's actions which occurred after the date of this termination. Assuming such a nonjudicial termination occurred, Denkmann also seeks to hold International Paper solidarily liable for actions of IPTO which occurred after the 1945 Agreements were terminated. The theory of recovery could not be based on contractual law, since the contract was terminated. Other theories of recovery may be applicable, but the Court's ability to grant complete relief is in serious doubt without the presence of IPTO.

Except for damages recovered from International Paper, Denkmann has agreed not to pursue any other action against IPTO for damages relating to the subject matter of this litigation. While the Court has discussed the substantial uncertainty as to whether International Paper is liable for all damages caused by IPTO, nothing prevents Denkmann from foregoing claims that it has a right to bring against IPTO. However, even if Denkmann voluntarily limits "complete relief" regarding damages to only the relief it obtains from International Paper, Denkmann's claim for rescission is still before the Court.

Denkmann relies on statutory authority and several cases to support its proposition that it can proceed against only one solidary obligor without the necessity of joining other solidary obligors.[13] All of these

---

9. La.Civ.Code art. 1795 and La.Code Civ.P. art. 643.

10. In a December 18, 1985 letter to W. Bruce Monroe of Denkmann, IP acknowledges that it "stands fully responsible for the *performance of all duties under these Agreements.*"

11. The Court notes that the purpose of such a provision is to clearly define what rights in the property were actually transferred rather than to contractually create an "obligation not to trespass" that duplicates rights provided by state laws.

12. Alternative theories for asserting IP's solidary liability for any IPTO trespasses based in tort and quasi-contract may be applicable under the facts but Denkmann has not argued any other grounds for solidary liability except the guaranty and Louisiana Civil Code article 1821.

13. La.Civ.Code art. 1795; La.Code Civ.P. art. 643; *Hobbs v. Teledyne Movable Offshore, Inc.,* 636 F.2d 314 (5th Cir.1981); *Landry v. State Farm Fire & Cas. Co.,* 504 So.2d 171 (La.App. 3d Cir.1987); and *Inabinet v. State Farm Automobile Ins. Co.,* 262 So.2d 920 (La.App. 1st Cir. 1972).

cases involve claims for money and unlike the case at hand, none involved a claim for rescission of a contract. Denkmann's claim for solidary liability is based on two theories: (1) by the guaranty of the 1945 Agreements; and, (2) by operation of law as a result of the assignment of the 1945 Agreements.[14] In either case, solidary liability is dependent on the 1945 Agreements. When the agreement under which solidary liability arises is attacked, the assignee is a necessary party. A prayer for rescission of a contract is neither a demand for "performance"[15] nor a suit to "enforce a solidary right".[16] As the owner and possessor of the rights under the 1945 Agreements, IPTO is at a minimum a necessary party to Denkmann's action seeking termination.

International Paper also contends that IPTO will be prejudiced by nonjoinder. In response, Denkmann argues that IPTO will not be prejudiced by nonjoinder because, as a practical matter, IPTO's interests are protected. To support its argument, Denkmann relies on Rule 24(a)(2) of the Federal Rule of Civil Procedure, which provides:

> (a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, *unless the applicant's interest is adequately represented by existing parties.*

Denkmann asserts that IPTO's interest are adequately represented by International Paper and because IPTO was represented by the same counsel as International Paper in the consolidated action which was dismissed and is currently being represented by the same counsel in the two pending actions in the state courts. In addition, IPTO has two general partners, International Paper and IP Forest Resources Company (IP Forest), which is the managing general partner. IP Forest is a wholly owned subsidiary of International Paper and makes all decisions regarding management, harvesting, and reforestation. IP Forest's management responsibilities include full authority to hire outside attorneys. IPTO's sole limited partner is IP Timberlands and International Paper has a right to purchase all IP Timberland's units owned by outside partners. Denkmann asserts that all these facts clearly indicate that "as a practical matter"[17] IPTO's interests are protected.

To support the above argument, Denkmann relies on *Terrebonne Land Development Corporation v. Superior Oil Company*, 65 F.R.D. 375 (E.D.La.1974), in which the court held that individuals who owned royalty interests in property were not indispensable parties to an action to cancel the lease under which royalties were due. The action was brought by a corporation which also owned royalty interests in the property. The court noted that individual royalty owners would ordinarily be considered indispensable parties but in the *Terrebonne* case, the individual royalty owners were all stockholders of the corporation which brought the action. Moreover, the individuals derived their royalty interests when the corporation conveyed 75 percent of its royalty interests to its stockholders resulting in the individuals holding royalty interests in exactly the same proportions as their stock interest in the corporation.

Contrary to Denkmann's assertions, the Court finds that the *Terrebonne* case is distinguishable. Unlike the plaintiff corporation and the individual stockholders in *Terrebonne*, there is no complete identity of interest between International Paper and IPTO. At the present time, IP Timberlands has approximately 5000 unitholders which do not share any unity of interest with the 40,000 shareholders of International Paper. In addition, IPTO, as a prac-

---

**14.** See La.Civ.Code art. 1821.

**15.** La.Civ.Code art. 1795.

**16.** La.Code Civ.P. art. 643.

**17.** Fed.R.Civ.Proc. 19(a)(2)(i).

tical matter has more at stake in this litigation than International Paper since IPTO is the party in possession of the timberland. Even if Denkmann can recover all of its monetary damages from International Paper, a termination of the agreements will cause IPTO to lose the remaining 54 years of timber rights under the agreements. In *Terrebonne*, the court stated:

> This determination is based on the apparent identity of interest of the stockholders and the corporation in this case, the apparent harmony and the unity of interest among the stockholders as a group, and the counsel's inability after repeated inquiry, to demonstrate any concrete adversity of interest between the company and the individuals who control it.[18]

These factors are simply not present in the case at hand.

In fact, a finding that there is not complete unity of interest between International Paper and IPTO is consistent with the contentions of Denkmann. In its Supplemental Response to International Paper's motion to dismiss, Denkmann states:

> Denkmann believes that the purported transfer from IP to IPTO constituted a breach of the agreements by materially lessening and impairing Denkmann's rights concerning how its lands would be managed. The IPTO prospectus establishes, among other things, that the assets transferred would be managed under a *conflict of interest* with IP acting as both the seller of the timber for IPTO and the buyer of the timber for IP's own use. [emphasis added] [19]

Certainly, this assertion of a conflict of interest indicates that Denkmann recognizes that IPTO and International Paper are separate, distinct entities that lack a complete unity of interest.

Furthermore, the fact that International Paper and IPTO employ the same counsel is not determinative of whether IPTO's interests will be protected. Parties having potentially adverse interest can be represented by the same counsel in the same litigation.[20] Given the factual and legal uncertainties concerning the nature and extent International Paper and IPTO's liability, a problem regarding conflict of interest in this representation may currently exist or could arise as litigation progresses.[21] Under certain circumstances, dual representation can continue even with such conflicts of interest. Whether IPTO voluntarily chooses to continue being represented by the same counsel, waiving its right to separate representation, is not in itself indicative of a complete identity of interest. The Court's concern is the effect this Court's judgment will have on an absent party and whether full relief can be granted in the absence of that party. IPTO is the party in possession of the property and is the party who stands to lose by an adverse judgment. Unless joined as a party, IPTO will be substantially prejudiced if the trial of this case proceeds without it being joined as a party.

In summary, the Court finds that IPTO should be joined as a party since complete relief cannot be accorded without its presence under Rule 19(a)(1). Furthermore, IPTO's interest will be prejudiced without its presence under Rule 19(a)(2)(i).

### C. Should the Action Proceed without IPTO?

Since the joinder of IPTO would destroy subject matter jurisdiction, the Court must now determine whether the action can pro-

---

**18.** 65 F.R.D. 375 at 379.

**19.** Denkmann's Supplemental Response, p. 7., fn. 4.

**20.** Louisiana State Bar Association Rule of Professional Conduct 1.7(a) states:
Loyalty is an essential element in the lawyer's relationship to a client. Therefore:
(a) A lawyer shall not represent a client if *the representation of that client will be directly adverse to another client, unless:*

(1) The lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
(2) Each client consents after consultation.

**21.** Under Louisiana State Bar Association Rule of Professional Conduct 1.16, counsel for International Paper and IPTO are under a continuing duty to disclose conflicts of interest as they arise.

ceed without IPTO or whether this case must be dismissed without prejudice for failure to join an indispensable party. Rule 19(b) provides the factors the Court must consider in making this decision:

(b) **Determination by the Court Whenever Joinder not Feasible.** If a person described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent by which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

In analyzing the first factor, Denkmann has asserted that neither Denkmann nor International Paper will be prejudiced if the case proceeds to trial without IPTO. What Denkmann fails to adequately address and consider is the prejudice which IPTO will suffer if it is excluded as a party. As discussed above, IPTO is the party in possession of the timberland in dispute and stands to lose the rights it now has for the remaining 54 years under the 1945 Agreements. Certainly IPTO has as much, if not more at stake in this litigation as Denkmann and any other party. Should the Court render a judgment which would cast a rescission of International Paper's rights under the 1945 Agreements, such a judgment could terminate IPTO's rights which were derived from International Paper under the 1945 Agreements even though IPTO would not be a party. The Court believes such a procedure would be harsh and not in the interest of justice or judicial economy.[22] This is a very complex case with millions of dollars in timber and mineral rights involved at the present and millions more involved over the length of the agreements. To say that a party who is not actually a party will not be prejudiced because it has the same attorney as a party *to this* litigation is stretching to limit the protections which a party should have under the Federal Rules of Civil Procedure. The very first Federal Rule of Civil Procedure provides that the rules should be applied to do justice. This Court simply cannot find that trial in absentia would be a fair and equitable procedure under the facts of this case. Furthermore, should Denkmann win this suit in federal court, Denkmann will have to initiate other proceedings in state courts to judicially recognize that IPTO's rights in the 1945 Agreements are terminated and to evict IPTO from possession. This is particularly troublesome for this Court, particularly where there is an available forum in which *all* of the parties can litigate *all* of the issues at the same time. Such a procedure will not be in the interest of judicial economy and will only prolong and complicate litigation in this case. A state law issue is involved in this diversity case which can be adequately handled in the state courts.

Denkmann also argues that it is evident that IPTO is not prejudiced since it and International Paper have waited three and a half years to seek its joinder in this action. Denkmann overlooks the fact that *Carden* was only decided recently. It was only after the *Carden* decision was rendered that IPTO voluntarily dismissed its action. Until IPTO voluntarily dismissed its suit under *Carden*, IPTO was a party in these cases due to the consolidation of the two actions. The order of consolidation issued by the Court on September 11, 1986,

---

**22.** Considerations of judicial economy do not alone justify dismissal. *Shelton v. Exxon Corp.,* 843 F.2d 212 (5th Cir.1988) and *Boone v. General Motors Acceptance Corp.,* 682 F.2d 552 (5th Cir.1982). However, judicial economy is a major policy behind Rule 19 and should be considered with other relevant factors. *Dernick v. Bralorne Resources, Ltd.,* 639 F.2d 196 (5th Cir. 1981); *Ralli–Coney, Inc. v. Gates,* 528 F.2d 572 (5th Cir.1976); *Gentry v. Smith,* 487 F.2d 571 (5th Cir.1973); and *Martin v. Travelers Indem. Co.,* 450 F.2d 542 (5th Cir.1971).

states that "such consolidation [was] to be of all matters in issue in these actions." In fact, the order signed by the Court was prepared and submitted by Denkmann with its Motion to Consolidate Actions.

Many of the factors discussed above in connection with the Rule 19(a) analysis are relevant with the second factor to be considered under Rule 19(b). Denkmann has prayed for rescission of the 1945 Agreements. The Court cannot fashion a judgment which would not affect IPTO's rights under the 1945 Agreements. In addition, Denkmann asserts that International Paper is liable for any and all damages caused by IPTO, but the factual and legal uncertainties regarding Denkmann's assertion are substantial. Even if a rescission of the 1945 Agreements was not a remedy or was not authorized by the Court, serious doubt exist as to whether the damages sought by Denkmann are recoverable from International Paper alone. These considerations also suggest that the third factor under Rule 19(b) is not satisfied because an adequate judgment could not be rendered by the Court.

The final factor to be considered under Rule 19(b) also weighs heavily toward dismissal of this action. Denkmann and all other parties will have adequate remedies in the state courts if the federal court action is dismissed. In fact, IPTO has already initiated actions in the state courts of Louisiana and Mississippi regarding the subject matter of this suit. Even assuming Denkmann's claims for rescission are successful and such a judgment is rendered by this Court, enforcement of the Court's judgment and eviction of IPTO from possession of the timberland will have to be accomplished through state court actions. The dismissal of this action is an efficient use of judicial resources of the federal and state courts, particularly where only state law questions are involved. The state courts are as capable as this Court in interpreting and applying its state law. Furthermore, Denkmann has argued that the trial date in federal court is only a few months away and it would be improper to dismiss an action that is so close to trial. Denkmann ignores the fact that the vast majority of discovery and other work the parties have done in this case will be useful in the state court actions. With discovery virtually complete in this case, little duplication of the discovery and other work performed in this Court will be necessary in the state court proceedings. Denkmann also contends that certain Mississippi claims will be lost pursuant to the Statute of Limitations if the action is dismissed. However, International Paper and IPTO have agreed on the record of this case to waive any such defense should this Court dismiss the federal court suit. While Denkmann asserts that such a stipulation may not be effective under Mississippi law, it is certainly binding in this Court. This Court shall enforce the stipulation made by IPTO and International Paper regarding the statute of limitations in Mississippi. Should these parties fail to adhere to these stipulations, an appropriate motion may be filed under Rule 60(b) of the Federal Rules of Civil Procedure to reopen the case in this Court because of a fraud committed upon this Court. Other sanctions, including disbarment from the bar of the Middle District of Louisiana could be imposed on the attorneys for International Paper and IPTO for any violations of the above stipulation. The Court does not believe such action will be necessary.

Finally, Denkmann argues that IPTO is not an indispensable party because there is no privity of contract between Denkmann and IPTO. However, unlike in the cases cited by Denkmann,[23] the 1945 Agreements

---

23. The cases cited by Denkmann are easily distinguishable. In *Farrell Construction Co. v. Jefferson Parish*, 896 F.2d 136 (5th Cir.1990), the subcontractor did not have a right of action under La.R.S. 9:4802 that governs bonding of construction projects. In *Audubon Hotel Co. v. Braunnig*, 120 La. 1089, 46 So. 33 (1908), the lease the sublessee sought to enforce provided that the lessee/sublessor was prohibited from transferring the lease. In *Daniel Oil Co. v. Signal Rental Tools & Oilfield Service, Inc.*, 461 So.2d 526 (La.App. 3d Cir.1984), the sublease in question did not assign all the lessee/sublessor's rights against the lessor.

are expressly transferrable.[24] In addition, an assignee of an agreement is generally an indispensable party to an action to terminate that agreement.[25] A thorough and fair consideration of the four factors set forth in Rule 19(b) requires this Court to dismiss this suit because IPTO should but cannot be joined as a defendant.

The Court realizes that the parties and this Court have worked very hard to prepare this case for trial. However, federal courts are courts of limited jurisdiction. Neither the parties nor the Court can confer jurisdiction on the Court where subject matter jurisdiction is lacking.[26] The very foundation of Article III of the Constitution would be weakened if federal courts closed their eyes to the basic fundamental principles upon which federal court jurisdiction is based.

Denkmann also seeks to have this Court exercise its pendent jurisdiction. There can be no pendent jurisdiction here because the Court has no subject matter jurisdiction over any claim involving IPTO. Denkmann really seeks to have this Court invoke pendent party jurisdiction. Pendent party jurisdiction has been banned by the United States Supreme Court.[27]

## IV. CONCLUSION

The Court has considered all of the contentions of the parties whether or not expressly set forth in this opinion. The Court finds that IPTO is an indispensable party. Since there is no diversity of jurisdiction under *Carden* between IPTO and Denk-

mann, IPTO cannot be named as a party. Since IPTO cannot be named as a party, this suit must be dismissed without prejudice.

Therefore:

The Court ORDERS that the International Paper Company's Motion to Dismiss for Failure to Join an Indispensable Party be GRANTED and this action is DISMISSED without prejudice. Judgment shall be entered accordingly.

**24.** See provisions from the 1945 Agreements quoted in text, supra, at note 8.

**25.** See *Naartex Consulting Corp. v. Watt*, 722 F.2d 779 (D.C.Cir.1983), cert. denied, *Naartex Consulting Corp. v. Clark*, 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984); *Doty v. St. Mary Parish Land Co.*, 598 F.2d 885 (5th Cir. 1979); *Lomayaktewa v. Hathaway*, 520 F.2d 1324 (9th Cir.1975), cert. denied, *Susenkewa v. Kleppe*, 425 U.S. 903, 96 S.Ct. 1492, 47 L.Ed.2d 752 (1976); *Broussard v. Columbia Gulf Transmission Co.*, 398 F.2d 885 (5th Cir.1968); *Tucker v. National Linen Service Corp.*, 200 F.2d 858 (5th Cir.1953), cert. denied, 346 U.S. 817, 74 S.Ct. 28, 98 L.Ed. 343 (1953); and *Keegan v. Humble Oil & Refining Co.*, 155 F.2d 971 (5th Cir.1946).

**26.** *Commodity Futures Trading Com'n v. Schor*, 478 U.S. 833, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986); *Matter of Kutner*, 656 F.2d 1107 (5th Cir.1981), writ denied, *Stewart v. Kutner*, 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982); and *Warren G. Kleban Engineering Corp. v. Caldwell*, 490 F.2d 800 (5th Cir.1974).

**27.** *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) and *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). Also see *Warren G. Kleban Engineering Corp. v. Caldwell*, 490 F.2d 800 (5th Cir.1974).